462 So.2d 534 (1985)
Earl L. DENNEY, Jr., and Lynn Denney, D/B/a Shady Grove, Appellants,
v.
Doyle CONNER, As Commissioner of Agriculture, State of Florida, Department of Agriculture and Consumer Services of the State of Florida, and the State of Florida, Appellees.
No. BD-196.
District Court of Appeal of Florida, First District.
January 9, 1985.
*535 Peter J. Winders and Jacob D. Varn, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellants.
Robert A. Chastain, Gen. Counsel, Dept. of Agriculture and Consumer Services, Tallahassee, for appellees.
PER CURIAM.
On November 15, 1984, we entered an order temporarily staying the effect of an immediate final order of the Department of Agriculture and Consumer Services. After hearing argument, an order dissolving the temporary stay was issued November 20, 1984, stating that an opinion would follow.
This cause comes before us on appellants' motion to stay the immediate final order of the Department of Agriculture and Consumer Services pending administrative or judicial review. Appellants also moved for remand for administrative hearing on grounds that the validity of the action taken by the department depends on disputed facts.[1] § 120.68(6), Florida Statutes (1983). The order in question, entered pursuant to section 120.59(3), Florida Statutes (1983), required the immediate destruction of 3,500 citrus trees which appellants had purchased from a nursery where citrus canker had been detected. Emergency orders entered pursuant to section 120.59(3), Florida Statutes (1983), are "appealable or enjoinable from the date rendered." Where review of final agency action will not provide an adequate remedy and violations of appellants' constitutional rights are alleged, the agency's action, though not final in all respects, is subject to judicial review. As stated in Commercial Consultants Corp. v. Dept. of Business Regulation, 363 So.2d 1162, 1165 (Fla. 1st DCA 1978):
[T]he agency is allowed to act before according basic due process rights to the parties. Because fundamental rights are abridged, the agency's statement of reasons for acting `must be factually explicit and persuasive concerning the existence of a genuine emergency.' Florida Home Builders v. Division of Labor, 355 So.2d 1245, 1246 (Fla. 1st DCA 1978).
Review of an order entered pursuant to section 120.59(3) is analogous to that accorded orders which summarily suspend or revoke a license pursuant to section 120.60(7) or emergency rules promulgated under section 120.54(9). When an agency enters an immediate final order as a result of a determination that there exists an immediate danger to the public health, safety, or welfare, our review will determine whether the order recites with particularity the *536 facts underlying such finding. See Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979); Criterion Insurance Co. v. State of Florida, Department of Insurance, 9 F.L.W. 2157 (Fla. 1st DCA Oct. 19, 1984); and Commercial Consultants Corp. v. Dept. of Business Regulation, supra.
Appellants allege that the final order in this case was deficient because it did not cite with sufficient particularity the facts underlying the finding of an immediate danger to the public health, safety, or welfare. Because the trees in question showed no signs of being infected with citrus canker, appellants contend that no immediate danger existed. They point to the fact that the emergency rule pursuant to which the order was promulgated provided that no compensation would be paid for the destruction of the trees. See Emergency Rule 5BER84-8(10)(d). Appellants contend that the department's order mandating the destruction of "healthy" trees amounts to a violation of their constitutional right to due process. Appellants rely on Corneal v. State Plant Board, 95 So.2d 1 (Fla. 1957), where the court stated:
We have found no case  and none has been cited  holding that a healthy plant or animal not imminently dangerous may be destroyed without compensation to the owner. Id. at 6 (emphasis in original).
In Corneal, the Court addressed the constitutionality of a rule promulgated by the State Plant Board that required the pulling of all citrus and avocado trees in designated areas affected with a plant disease known as "spreading decline." The rule required the destruction of the four healthy trees nearest the last visibly affected tree. Spreading decline was caused by the burrowing nematode, which traveled at the rate of thirty-six feet (or 1.6 trees) per year. The court found that healthy trees, not infected with burrowing nematodes, offered no immediate menace to neighboring trees and, therefore, could not be destroyed without due compensation to the owner. Simply put, the Court found that no emergency existed; thus, the department was not justified in ordering the summary destruction of the plants.
In State Plant Board v. Smith, 110 So.2d 401 (Fla. 1959), the Court recognized that, in cases of obvious and immediate danger, the state, in the exercise of its police power, may summarily destroy private property in order to protect the public. The Court stated:
The citrus disease here involved  spreading decline caused by a burrowing nematode  is not carried by the wind or by insects from grove to grove... . The only possible reason for the summary destruction of the healthy trees would be the imminent danger of the spread of the disease from an infested to a non-infested grove. Since the facts ... show that there is no such danger, we cannot find a single `compelling public interest' sufficient to justify making an exception to the basic and fundamental rule of due process, requiring notice and a hearing before depriving a person of a substantial right. (Emphasis in original.)
We find the facts of the instant case to be clearly distinguishable from Corneal and Smith, above. No real controversy exists on the critical fact that citrus canker may be transmitted by both natural (wind and rain) and artificial (man and machinery) means and that it may lay dormant in apparently healthy plants for some months (one botanist opined up to eighteen months) after exposure to infected plants before manifesting signs of the disease. Those circumstances underlie the department's conclusion that, even though the plants appear healthy and at this time evidence no sign of citrus canker, appellants' plants still present an imminent danger in the spread of the disease since they have been exposed to infested or infected plants.
We find the immediate final order of the department states with sufficient particularity facts which indicate an immediate threat to the public health, safety, or welfare in order to justify the summary agency action in question. At this time, we hold only that the department has shown that the threat to the public interest in the citrus industry represented by citrus canker is of sufficient gravity and urgency that the effect of the immediate final order of the department should not be further *537 stayed by this court. To further delay the order's effect would be an unwarranted judicial intrusion into the arena of administrative responsibility of an agency which has received a broad legislative mandate and grant of authority to deal with problems such as the one at hand.[2]
At this time, we do not attempt to determine whether appellants' trees are in fact healthy or diseased. Nor do we address the issue of compensation. We hold only that the immediate final order and the rules under which it was promulgated adequately show that the threat of spreading citrus canker is of sufficient imminence and scope to justify the emergency order entered by the department. Accordingly, the order granting a temporary stay is quashed, the stay is dissolved, and the emergency order is affirmed insofar as it orders destruction prior to hearing of further issues which may be raised by the parties.
SHIVERS, WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] No hearing was held prior to the entry of the immediate final order. Subsequent to the entry of the order, appellants filed a petition for a formal administrative hearing pursuant to section 120.57(1), Florida Statutes (1983), to determine whether in fact the trees were infected or infested prior to their destruction. Before any ruling on the petition for an administrative hearing, appellants commenced the instant appeal from the order of the department. Along with the notice of appeal and motion to stay the order, appellants filed a motion to remand for administrative hearing pursuant to section 120.68(6), Florida Statutes, alleging that the validity of the agency action depends on disputed facts and urging that development of a factual record was necessary for meaningful review. Appellants requested, in the alternative, that we find the petition for administrative hearing acted to stay the effect of the immediate final order. We reject the proposition that a petition for a section 120.57(1) hearing stays the effect of an emergency order entered pursuant to section 120.59(3), Florida Statutes. We have declined to extend the temporary stay imposed by order of November 11, 1984, and have no reason to consider further the motion to remand for administrative hearing. We express no opinion on the proper disposition of appellants' petition for administrative hearing which is presumably still pending before the agency.
[2] Section 581.031(17) grants the Department of Agriculture broad authority:

... to supervise, or cause to be supervised, the treatment, cutting and destruction of plants, plant parts, soil, containers, equipment and other articles capable of harboring plant pests or noxious weeds if they are infested or located within an area which may be suspected of being infested or infected due to its proximity to a known infestation, or if they came from a situation where they were reasonably exposed to infestation, when necessary to prevent or control the dissemination of plant pests or noxious weeds or to eradicate the same and to make rules therefor. (e.s.)