732 So.2d 1146 (1999)
STATE of Florida, DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellant,
v.
Luis VARELA, Juana Blaha, John Avila, and Graciela Avila, Appellees.
No. 98-2966.
District Court of Appeal of Florida, Third District.
April 7, 1999.
Rehearing Denied June 2, 1999.
*1147 Adorno & Zeder and Wesley R. Parsons and Raoul G. Cantero, III and Jeffrey W. Blacher, Miami, for appellant.
Robles & Gonzalez and Ervin A. Gonzalez and Michael A. Pfundstein, Miami; John H. Ruiz and Luisa M. Linares; and Robert W. Rodriguez, Miami, for appellees.
Before COPE, LEVY, and SORONDO, JJ.
PER CURIAM.
The trial court erred in certifying a class of plaintiffs in a case where the plaintiffs have no cause of action. See Department of Agriculture v. Polk, 568 So.2d 35 (Fla. 1990).
Because we are obligated to follow the precedent set forth in Polk, plaintiffs' (appellees) argument that the correct measure of damages is the replacement cost of the trees that were cut, and defendant's (appellant) contention that the measure of damages, if any, is the diminution of the overall property value, are irrelevant. According to Polk, "those trees within one hundred and twenty-five feet (125 ft) of [diseased trees], ha[ve] no marketable value" and therefore, no damages can be awarded. Polk, 568 So.2d at 40 n. 4 & 43.
Accordingly, certification of the class is reversed and the case dismissed.