761 So.2d 347 (2000)
SAPP FARMS, INC., a Florida Corporation, Appellant,
v.
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellee.
No. 3D00-487.
District Court of Appeal of Florida, Third District.
March 1, 2000.
Lynn and Hanson and John M. Lynn, Homestead; Sheehe and Vendittelli and Phillip J. Sheehe, Mimai, and Louis V. Vendittelli, for appellant.
Adorno and Zeder and Raoul G. Cantero, III and Wesley R. Parsons, Miami; Richard Tritschler, General Counsel, Florida Department of Agriculture and Consumer Services, for appellee.
Before COPE, SHEVIN and SORONDO, JJ.
PER CURIAM.
Having reviewed the record before us, we hold that the Immediate Final Orders (IFOs) issued by the Florida Department of Agriculture and Consumer Services (the Department), dated February 11, 2000, "show that the threat of spreading citrus canker is of sufficient imminence and scope to justify the emergency order[s] entered by the department." Denney v. Conner, 462 So.2d 534, 537 (Fla. 1st DCA 1985).
Sapp Farms, Inc. (Sapp Farms) argues that the IFOs are defective in three ways: First, in that the addresses contained on the IFOs are erroneous and do not correctly identify the property upon which Sapp Farms maintains its groves. In fact, the IFOs incorrectly identify the parcels of land at issue as located on 344th Street between 198th and 199th Avenues rather than 203rd and 204th Avenue. This error however has not prejudiced Sapp *348 Farms in any way. Its pleadings before this Court, as well as those before the circuit court, clearly identify the correct parcels and demonstrate that Sapp Farms was in no way mislead as to which groves the Department was identifying.[1]
Second, because the Department took the position in the circuit court proceedings that the court lacked jurisdiction to grant injunctive relief, Sapp Farms claims that the notice of rights contained within the IFOs which stated that "an action for injunctive relief may be filed in the appropriate circuit court," was defective.[2] This claim is groundless. Section 120.569(2)(n), Fla. Stat. (1999), specifically states:
If an agency head finds that an immediate danger to the public health, safety, or welfare requires an immediate final order, it shall recite with particularity the facts underlying such finding in the final order, which shall be appealable or enjoinable from the date rendered.

(Emphasis added). It is clear that the notice of right simply tracked the language of the applicable statute. Nevertheless, although the statute contemplates the possibility of injunctive relief, it does not eliminate the need to exhaust administrative remedies before seeking the same. See Criterion Ins. Co. v. State of Fla., Dep't of Ins., 458 So.2d 22, 26 (Fla. 1st DCA 1984)("We disagree also with Criterion's argument that section 120.59(3), by using the words "appealable or enjoinable", authorizes a statutory means for permitting entry into the circuit court without complying with the exhaustion doctrine. The fact that an alternative judicial remedy is explicitly recognized by the Administrative Procedure Act does not mean that the exhaustion requirement may be dispensed with.").[3]
Finally, Sapp Farms argues that the IFOs do not contain appropriate control procedure documents. Specifically, it argues that the IFOs do not contain reports verifying the presence of or exposure to citrus canker, through either laboratory or field diagnosis.[4] The Department responds that the IFOs are not grounded on the basis of a claim that the trees are infected with citrus but rather that they have been exposed to it. It further asserts that exposed citrus does not exhibit visible symptoms of citrus canker but probably harbors the bacteria due to its proximity to infected citrus. Trees are deemed exposed if they lie within a 1900-foot radius of infected trees.
The law is clear that orders to remove or destroy apparently healthy but exposed trees in citrus canker emergencies are permissible. See Denney, 462 So.2d at 535-536; Nordmann v. Dep't of Agric. and Consumer Servs., 473 So.2d 278 (Fla. 5th DCA 1985). In Nordmann, the court stated:
No real controversy exists on the critical fact that citrus canker may be transmitted by both natural (wind and rain) and artificial (man and machinery) means and that it may lay dormant in apparently healthy plants for some months... after exposure to infected plants before manifesting signs of the disease. Those circumstances underlie the department's conclusion that, even though the plants appear healthy and at this time evidence no sign of citrus canker, appellants' plants still present an imminent *349 danger in the spread of the disease since they have been exposed to infested or infected plants.
Id. at 280.
We conclude that the IFOs issued by the Department were lawfully entered and are not "defective" as suggested by Sapp Farms. Accordingly, we affirm the orders under review and Sapp Farms's motion for emergency stay is denied. The previously granted stay is vacated effective upon the filing of this opinion.
No motion for rehearing will be entertained by the Court.
Affirmed.
NOTES
[1] Sapp Farms does not argue that it did not receive notice as a result of the erroneous address.
[2] Before coming to this Court to appeal the IFOs, Sapp Farms unsuccessfully sought injunctive relief in the circuit court.
[3] Section 120.59(3) was the statutory predecessor of section 120.569(2)(n).
[4] In its third claim Sapp Farms also argues that the IFOs do not contain written inventories of the size, condition and variety of citrus located on the infected property and that they also lack a map of the infected or exposed property. Because we find that the IFOs do contain these, we do not address them in this discussion.