785 So.2d 595 (2001)
David O. MARKUS, et al., Appellants,
v.
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellee.
No. 3D00-2762.
District Court of Appeal of Florida, Third District.
April 18, 2001.
Certification Denied May 23, 2001.
David O. Markus and Mona E. Markus, in proper persons.
Adorno & Zeder and Wesley R. Parsons, Miami, and Jack R. Reiter, Miami, for appellee.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
JORGENSON, Judge.
Property owners David and Mona Markus appeal from an "Immediate Final Order" of the Department of Agriculture informing them that their citrus trees might be destroyed if they were infected with canker or were located within 1900 feet of a canker-infested tree. We affirm.
In March, 1999, David and Mona Markus purchased their home in Coral Gables; *596 the property had fruit-bearing citrus trees in the back yard. In 1995 the backyard received the City of Coral Gables Beautification Award for its landscaping. On September 28, 2000, the homeowners found on their property a form notice, entitled "Immediate Final Order," from the Department of Agriculture. The notice informed them of the canker eradication program, and provided that "if the Department finds citrus trees on your property infected with citrus canker or exposed by being within 1900 feet of an infected tree, representatives of the Department ... will ... remove any infected or exposed trees...." The notice included a telephone number for the "Citrus Canker Helpline." The homeowners repeatedly called the number, but did not get through until the next morning. A helpline employee named Harold informed them that their property was 1,132 feet from an infected tree located at 4610 SW 13 Street. That tree was then still standing, but it was unknown when the tree had been diagnosed; whether the diagnosis had been verified; and whether the Markus' trees would be destroyed. Harold did not have immediate access to the report on the infected tree, but told the homeowners that he would try to obtain the report.
Pursuant to the notice, the homeowners had five calendar days within which to seek and obtain a stay from this court. The notice also provided that the Department could destroy the trees while an appeal was pending. This court denied their motion for stay on October 3, 2000. On October 26, 2000, two mature fruit trees, and one small tree, were destroyed. The homeowners received a $100.00 Wal-Mart gift certificate.
This court and the Second District Court of Appeal have held that orders to remove or destroy "apparently healthy but exposed trees in citrus canker emergencies are permissible." Sapp Farms, Inc. v. Florida Dep't of Agriculture & Consumer Svcs., 761 So.2d 347, 348 (Fla. 3d DCA 2000); see also Department of Agriculture v. Sun Gardens Citrus, 780 So.2d 922 (Fla. 2d DCA 2001).[1] Therefore, we affirm the IFO as "lawfully entered and ... not `defective'." Sapp Farms, 761 So.2d at 349.
Property owners as well as judicial tribunals are struggling with the issue of how and why the Department of Agriculture embarked on its dogged obliteration of the healthy back (or front) yard citrus tree. The frustrations of challenging this policy, either in a Chapter 120 proceeding or before this court, are staggering. Both infected and condemned trees are removed and ground into dust before any meaningful action can be taken by the property owner. The "final agency order" is nothing but a "Dear Resident" form from the Department of Agriculture. A "record on appeal" is an oxymoron. There is no record. Hence there is no meaningful appeal. We find that situation unacceptable as a matter of law, policy, and principle, yet must affirm. Although small consolation to the owners, this decision is without prejudice to bring an action for inverse condemnation, or to seek such other relief as they deem appropriate.
AFFIRMED.
NOTES
[1] In a similar case, a Broward County Circuit Court enjoined the enforcement of an identical order as it related to "healthy citrus trees that had no visible symptoms of canker but which are located within 1900 feet of a citrus tree infected with canker." Florida Dept. of Agriculture v. City of Pompano Beach, No. 00-18394 (Fla. 17th Cir.Ct. Nov. 17, 2000). The Department's appeal is pending before the Fourth District.