817 So.2d 854 (2002)
Brian P. PATCHEN and Barbara Patchen, his wife, Appellants,
v.
STATE of Florida DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellee.
No. 3D01-1440.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Opinion on Denial of Rehearing May 22, 2002.
Earle & Patchen, P.A., and Brian P. Patchen and Edward Guedes, for appellants.
Adorno & Zeder, P.A., and Wesley R. Parsons and Jack R. Reiter, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
PER CURIAM.
Property owners Brian and Barbara Patchen appeal from an order of final summary judgment in an action for inverse condemnation of healthy residential citrus trees. We affirm.
On October 31, 2000, agents of the State of Florida arrived, allegedly without notice, at the Patchens' home on Miami Beach to destroy their six healthy, mature, fruit-laden citrus trees. The owners denied entry to the tree-cutters, who returned with police officers. The officers threatened the owners with arrest if they denied entry to the tree-cutters; the tree-cutters then "forcibly entered and destroyed" the citrus trees. Canker-infested trees were allegedly found by trained pathologists on Sunset Island III, across an expanse of water, but within 1900 feet of the Patchens' property.
The owners sued for inverse condemnation, and in their complaint alleged that they were never served with an "Immediate Final Order" (IFO) issued from the Department of Agriculture. Although the *855 Department was able to produce copies of IFOs relating to surrounding properties, no such order was produced for the Patchens' property.[1] The State moved for summary judgment; the court granted the order and the owners now appeal.
As this court has stated,
Property owners as well as judicial tribunals are struggling with the issue of how and why the Department of Agriculture embarked on its dogged obliteration of the healthy back (or front) yard citrus tree. The frustrations of challenging this policy, either in a Chapter 120 proceeding or before this court, are staggering. Both infected and condemned trees are removed and ground into dust before any meaningful action can be taken by the property owner. The "final agency order" is nothing but a "Dear Resident" form from the Department of Agriculture. A record on appeal is an oxymoron. There is no record. Hence there is no meaningful appeal. We find that situation unacceptable as a matter of law, policy, and principle, yet we must affirm.
Markus v. Department of Agriculture & Consumer Servs., 785 So.2d 595, 596 (Fla. 3d DCA 2001). This court held that the affirmance was "without prejudice to bring an action for inverse condemnation, or to seek such other relief as they deem appropriate." Id. Our suggestion was well-intentioned but perhaps ill-advised. Under the current state of the law, the agency need not compensate the owners for the destruction of those trees.
In Department of Agriculture & Consumer Servs. v. Varela, this court reversed an order certifying a class of plaintiffs seeking damages for state-destroyed citrus trees within a one hundred and twenty-five foot (125 ft.) radius of diseased trees. 732 So.2d 1146, 1146 (Fla. 3d DCA 1999). We held that those plaintiffs had no cause of action, as according to Department of Agriculture v. Polk, 568 So.2d 35 (Fla. 1990), those trees have "no marketable value." 732 So.2d at 1146.
In Polk, the Florida Supreme Court stated that when the state destroys trees within a specified range of those that showed signs of citrus canker infection, the action amounts to an exercise of police power that is comparable to the destruction of "diseased cattle or ... buildings in the path of a conflagration." Polk, 568 So.2d at 40 n. 4. Destruction of such property does not compel state reimbursement, as "[s]uch property is incapable of any lawful use, it is of no value, and it is a source of public danger." Id.
We recognize that in Polk, the court was referring to uninfected commercial nursery stock located within the Department's specified zone of destruction, while in this case, non-commercial, residential trees were destroyed. Nevertheless, this court explicitly relied on Polk when it decided Varela, which like this case, involved non-commercial citrus trees. Unless this court recedes en banc from Varela and distinguishes Polk, we must affirm the order on appeal.
AFFIRMED.

On Motion for Rehearing
PER CURIAM.
We deny the Motion for Rehearing but certify the following to the Florida Supreme Court as a question of great public importance:
Does the Florida Supreme Court's decision in Department of Agriculture & Consumer Services v. Polk, 568 So.2d 35 (Fla.1990), which held that the Department's *856 destruction of healthy commercial citrus nursery stock within 125 feet of trees infected with citrus canker did not compel state reimbursement, also apply to the Department's destruction of uninfected, healthy noncommercial, residential citrus trees within 1900 feet of trees infected with citrus canker?
Motion denied; question certified.
NOTES
[1] The property owners did not allege any violation of their due process rights.