829 So.2d 928 (2002)
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellant,
v.
CITY OF POMPANO BEACH, et al., Appellee.
No. 4D02-672.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
Rehearing Denied November 15, 2002.
*929 Jack R. Reiter, Wesley R. Parsons and Raoul G. Cantero, III of Adorno & Yoss, P.A., Miami, and Jerold I. Budney of Greenberg Traurig, P.A., Fort Lauderdale, for appellants.
Robert C. Gilbert and Sandy P. Fay, of Robert C. Gilbert, P.A., Coral Gables, Jamie Alan Cole of Weiss Serota Helfman Pastoriza & Guedes, P.A., Fort Lauderdale, William S. Williams of Lytal, Reiter, Clark, Fountain & Williams, West Palm Beach, Ellis Rubin and Robert I. Barrar of Law Offices of Ellis Rubin, Miami, and Michael J. Pucillo of Berman, Devalerio, Pease, Tabacco, Burt & Pucillo, L.L.P., West Palm Beach, for appellees.
MAY, J.
To certify or not to certify the class that was the question. The trial court heard the evidence, reviewed the law, and certified the class. We affirm the certification, but reverse on the trial court's inclusion of the Miami-Dade County owners in the class.
Specifically, the trial court certified the following class:
All owners of citrus trees within Broward County, incorporated or otherwise, and Miami-Dade County, incorporated or otherwise, not used for commercial purposes which were not determined by the Department to be infected with citrus canker and which were destroyed under the CCEP from January 1, 2000 to the present.
The trial court's order certifying the class is subject to review under an abuse of discretion standard. Execu-Tech Bus. Sys. v. Appleton Papers, Inc., 743 So.2d 19 (Fla. 4th DCA 1999); Renaissance Cruises, Inc. v. Glassman, 738 So.2d 436 (Fla. 4th DCA 1999); Jenne v. Solomos, 707 So.2d 1203 (Fla. 4th DCA 1998); and Cordell v. World Ins. Co., 418 So.2d 1162 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983). Absent an abuse of that discretion, the trial court's order must be affirmed.
The Florida Department of Agriculture raises three challenges to the trial court's order. First, the Department argues the plaintiffs' claims are not compensable. Second, the Department argues that the *930 proper measure of damagesdiminution of property valuerenders the class unmanageable. And third, the Department argues improper venue as to the Miami-Dade County owners.
The Department relies on Department of Agriculture and Consumer Services v. Varela, 732 So.2d 1146 (Fla. 3d DCA 1999) to support its position that the plaintiffs' claims are not compensable. In Varela, the Third District Court of Appeal reversed a trial court's certification of a class action to recover damages for lost citrus trees. The court held that because the trees were worthless under Department of Agriculture and Consumer Services v. Polk, 568 So.2d 35 (Fla.1990), the plaintiffs had no cause of action. Without a cause of action, the trial court had erred in certifying the class.
We are not persuaded that this case is controlled by Varela for two reasons. First, Florida Rule of Civil Procedure 1.220(a) defines the prerequisites of class representation as numerosity, commonality, typicality, and adequacy of representation. See Execu-Tech, supra. Once a favorable finding is made under subsection (a), subsection (b) provides that a claim or defense may be maintained on behalf of a class if at least one of three requirements in subsection (b) is met. Subsection (c), which sets forth the pleading requirements, requires the representative party to allege facts which would support findings under the previous subsections, along with an allegation as to the number of class members.
Rule 1.220(d) requires the court to conduct a hearing and enter an order determining whether the claim is maintainable on behalf of a class, stating its findings as to the requirements of Rule 1.220(a) and (b). It also sets forth other actions required by the trial court and the representative party. None of the provisions of this rule requires the trial court to determine the validity of the representative party's claim before it certifies a class.
The Department's actual claim is that the plaintiffs have no cause of action. This is not a matter to be resolved under Rule 1.220, but under Rule 1.140, which governs when and how a defense to a claim shall be presented. The trial court did not abuse its discretion by confining its ruling to the only matter properly before it: certification of a class. This is not to say that a trial court must consider certification before any other issue. But, in this case, the issue was certification, not a motion to dismiss for failure to state a claim.
Second, the Florida Supreme Court's decision in Polk, upon which Varela relied, was based on findings made by a trial court after a full trial. Specifically, the court affirmed the trial court's determination that commercial nursery citrus trees located within 125 feet of an infected tree had no marketable value, and thus their destruction did not constitute a "taking." However, in Polk the court affirmed the trial court's allowance of compensation for trees located beyond the 125-foot zone. In the present case, healthy trees within 1900-feet of infected trees have been destroyed. Whether trees that far away have no value has not yet been finally determined by the courts.[1]
The Department's second challenge suggests that the trial court abused its discretion in certifying the class because the correct measure of damages can only be diminution in value, thereby creating an *931 impossible standard for determining damages in a class action. In other words, damages based upon diminution in value renders the class unmanageable. The plaintiffs respond by stipulating to "replacement cost" as the proper measure of damages.
Courts across this state have acknowledged that a measure of damages for loss of property is "replacement cost." Fiske v. Moczik, 329 So.2d 35 (Fla. 2d DCA 1976)(reasonable cost of replacing trees may be proper measure of damages); Nilsson v. Hiscox, 158 So.2d 799 (Fla. 1st DCA 1963) (damages for conversion is the value of trees); Atl. Coast Line R.R. v. Saffold, 130 Fla. 598, 178 So. 288, 290 (1938) (if property on land is injured or destroyed, measure of damages is the value of the property injured or destroyed).
Perhaps the best example of the chameleon-like form that damages can take is found in the Florida Supreme Court's opinion in Polk. There, the court not only affirmed an award of damages for the value of trees beyond the 125-foot zone, but also for the "prospective net revenues" the immature trees would have produced if allowed to reach maturity. 568 So.2d at 43. This is certainly illustrative of the varied nature of damages found in inverse condemnation cases, which appears to be dictated by the particular facts of the case. See, e.g., Dade County v. Gen. Waterworks Corp., 267 So.2d 633 (Fla. 1972). We cannot say the trial court abused its discretion by using replacement cost as the measure of damages in determining whether to certify the class.
And last, the Department argues that the trial court abused its discretion by including Miami-Dade County owners as members of the class since Chapter 73 requires eminent domain petitions to be filed in the county where the property is located. The plaintiffs respond that Chapter 73 does not dictate venue in this case and that the venue provision in Chapter 73 is permissivenot mandatory. On this issue, we must side with the Department.
Chapter 73 is directed to actions in eminent domain, and does not explicitly address the proper procedure to be followed in an inverse condemnation action. However, inverse condemnation actions are in essence "proceeding[s] to compel the governmental body to exercise its power of eminent domain and award just compensation to the owner." Kirkpatrick v. City of Jacksonville, 312 So.2d 487, 489 (Fla. 1st DCA 1975). In other words, they are actions filed in the absence of a governmental body pursuing a petition for eminent domain. We hold, therefore, that when a property owner sues to compel compliance with Chapter 73, the venue provision, section 73.021, applies.
This decision is also in line with the general venue statute, section 47.011, Florida Statutes (2001). It provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property is located." Here, the cause of action for the Miami-Dade County owners accrued in Dade County and their property was located in Miami-Dade County. Venue for these owners properly belongs in Miami-Dade County. Thus, we find that the trial court abused its discretion by including these owners in the class.
Pursuant to Florida Rule of Civil Procedure 1.220, the trial court found that the plaintiffs had established the numerosity (thousands of property owners), commonality (numerous questions of law and fact common to each member), and typicality (series of identical actionsdestruction of trees) requirements. The court found that the plaintiffs and their counsel adequately represented the class members. Thus, the plaintiffs satisfied subsection (a) of Florida Rule of Civil Procedure 1.220.
*932 The plaintiffs alleged, and the trial court found, that the plaintiffs met subsection (b)(1) as separate claims would create a risk of inconsistent or varying adjudications. Furthermore, the court found that common questions of law and fact predominated the individual damage claims under subsection (b)(3).
In short, the trial court undertook an evidentiary hearing, reviewed the rules and the law, and properly certified a class, pursuant to Florida Rule of Civil Procedure 1.220. We affirm the certification, but reverse with directions to the trial court to delete the Miami-Dade County owners from the class. We emphasize that our decision is limited to the issue presentedthe certification of the class. It should not be construed to suggest the validity of the claims, the compensability of the claims, or the proper measure of damages. These issues remain to be decided.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] We note that the Third District Court of Appeal has applied its holding in Varela to exposed trees located within the Department's new 1900-foot standard. Patchen v. Dep't of Agric., 817 So.2d 854 (Fla. 3d DCA 2002). The question of whether this extension is valid has been certified to the Florida Supreme Court.