PLEUS, J.
Homeowners Elizabeth and Frank Meszaros appeal from an immediate final order (IFO) of the Department of Agriculture and Consumer Services (Department), advising them that their citrus trees would be destroyed because they were located within 1900 feet of trees diseased with citrus canker. The Meszaroses argue that the Department erred in issuing the IFO because their citrus trees constitute an acceptable level of risk. The standard for reviewing this order is whether the IFO was “lawfully entered” and “not defective.” Markus v. Florida Department of Agriculture and Consumer Services, 785 So.2d 595 (Fla. 3d DCA 2001); Sapp Farms, Inc. v. Florida Dep’t of Agriculture and Consumer Services, 761 So.2d 347 (Fla. 3d DCA 2000).
We note at the outset that the Meszaroses do not contest whether the IFO was lawfully entered and not defective. They also do not dispute the fact that their citrus trees fall within 1900 feet of trees diseased by citrus canker. Accordingly, the IFO can be affirmed on that basis alone. However, we will briefly address the Meszaroses’ arguments.
*87 Section 581.184, Florida Statutes (2002) mandates that the “Department shall remove and destroy all infected citrus trees and all citrus trees exposed to an infection.” It further defines citrus trees “exposed to infection” as those trees “located within 1900 feet of an infected tree.” The Meszaroses argue that the 1900 foot boundary established in section 581.184 is based upon scientific and statistical data showing that the probability of capturing all diseased trees is 95.5% and the probability of not capturing a diseased tree is 4.5%. Thus, despite the explicit 1900 foot boundary mandated in the statute, the Meszaroses argue that the true principle underlying the statute is a 4.5% acceptable level of risk, rather than what they consider to be an arbitrary 1900 foot boundary. Based on this assumption, the Meszaroses argue that their citrus trees fall within the 4.5% acceptable level of risk when factors such as distance, barriers, time of year and time since detection are considered.
We conclude that the Meszaroses’ challenges to the IFO must fail. First, it is well-established that these IFOs are permissible. Sapp; Denney v. Conner, 462 So.2d 534 (Fla. 1st DCA 1985); Nordmann v. Florida Dep’t of Agriculture and Consumer Services, 473 So.2d 278 (Fla. 5th DCA 1985). The Meszaroses do not dispute the lawfulness of the IFO or the constitutionality of its enacting statute. Second, the Meszaroses’ criticisms of the methods employed by the Department in eradicating citrus canker are insufficient in light of the rule that courts should defer to an agency’s interpretation of its enacting statutes and rules in determining how to implement them. See e.g., Hobbs v. Department of Transportation, 831 So.2d 745 (Fla. 5th DCA 2002).
Accordingly, we affirm the IFO without prejudice to the Meszaroses to seek just compensation for the destruction of the trees having value, and we order that the stay previously entered is now lifted.
AFFIRMED WITHOUT PREJUDICE.
PETERSON and ORFINGER, JJ., concur.