879 So.2d 57 (2004)
THE CLUB AT ADMIRAL'S COVE, INC., A Florida not-for-profit-corporation, Appellant,
v.
Michael R. SKIGEN and Rosalind Skigen, Appellees.
No. 4D03-3284.
District Court of Appeal of Florida, Fourth District.
July 21, 2004.
Rehearing Denied August 27, 2004.
*58 Elliot H. Scherker and Susan Fleischner Kornspan of Greenberg Traurig, P.A., West Palm Beach, for appellant.
James D. Ryan and Lauren J. Schindler of Ryan & Ryan Attorneys, P.A., North Palm Beach, for appellees.
MAY, J.
The Club at Admiral's Cove appeals an order certifying a class. It argues, among other things, the class representatives do not have standing to represent the purported class. We agree and reverse.
Michael and Rosalind Skigen purchased a full golf equity membership in the Club at Admiral's Cove under an August 15, 1989 Plan for the Offering of Memberships. In November 1999, a majority of the Club's members, including Skigen, voted to purchase the Club's assets from the original developer, terminate the 1989 Offering Plan, and adopt amended bylaws. The members approved a capital assessment of $7,800 for pre-November 1999 memberships and $15,000 for post-November 1999 memberships.
They also categorized the new $100,000 membership price as follows: $60,000 in capital contribution and $40,000 in non-refundable charges. The $40,000 non-refundable charges included a $15,000 assessment for each full golf membership purchased and in effect on and after November 1, 1999, a $5,000 initiation fee for new members, and a $20,000 initiation fee.
The Skigens sold their home in 2002, and resigned their membership. As a result, the Club refunded $48,750 to them. The Skigens filed a class action on behalf of themselves and all members who purchased *59 equity memberships prior to November 1, 1999, and resigned their memberships after November 1, 1999. They alleged breach of contract based upon the 1989 Offering Plan, seeking a larger refund than they received.
They alleged all of the claims involved: (1) a common question of law concerning the interpretation of the contract, Offering Plan, and Club's Bylaws, and (2) common questions of fact concerning the Club's breach of duty as defined in the Offering Plan. They further alleged the interests of the members were uniform and typical; the class was so numerous that joinder was impracticable; and the Skigens were able to fairly and adequately protect and represent the class.
The Club contended the Skigens lacked standing to adequately and fairly represent the class because the contract upon which they relied terminated by a vote in which Skigen participated. The Club further alleged the class did not meet the required tests set forth in Rule 1.220(a) or (b) of the Florida Rules of Civil Procedure. The trial court conducted an evidentiary hearing on class certification.
At the hearing, Mr. Skigen testified there were approximately 170 members in the class with individual damages ranging from $5,000 to $48,000. The measure of damages for each member would be identical. The most significantly contested issue was the Skigens' standing. The court suggested the standing issue should have been raised by a motion to dismiss.
The court certified the class finding: (1) there are approximately 170 claimants and joinder was impracticable; (2) common questions of law existed and predominated over all other questions; (3) all members seek the same remedy; (4) the Skigens are prepared to adequately represent the class; and (5) failure to certify the class would impair the ability of other class members to protect their interests. The court certified the class under rule 1.220(a) and (b)(1)(B).
"Florida Rule of Civil Procedure 1.220(a) defines the prerequisites of class representation as numerosity, commonality, typicality, and adequacy of representation." Fla. Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 829 So.2d 928, 930 (Fla. 4th DCA 2002). We find no error in the court's rulings on most of the criteria required for class certification. Our decision is limited to one issuestanding.
The Club argues the Skigens failed to allege a case or controversy against them because they lack personal standing to bring a claim under the 1989 Offering Plan because Skigen voted to terminate the Plan. The Skigens respond the Club waived its right to raise the standing issue because it did not move to dismiss the complaint on this ground.
Standing is a preliminary question to be answered in determining commonality and typicality of a class. Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001); cf. Lance v. Wade, 457 So.2d 1008, 1011 n. 2 (Fla.1984) (Florida Rule of Civil Procedure 1.220 is based on Federal Rule of Civil Procedure 23); Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200, 201 (Fla. 4th DCA 1998) (federal cases may be used as persuasive authority to interpret Florida Rule of Civil Procedure 1.220). Because the standing issue necessarily required evidence, a hearing on a motion to dismiss could not have adequately addressed the issue. See Vienneau v. Metro. Life Ins. Co., 548 So.2d 856 (Fla. 4th DCA 1989) (pursuant to a motion to dismiss, the trial court's gaze is limited to the four corners of the complaint). The standing issue did not ripen until the Skigens moved for class certification; thus, *60 the Club did not waive standing by failing to raise it in a motion to dismiss.
While technical in nature, the error here lies in the pleadings. The breach is based upon a non-existent contract. The Offering Plan no longer exists because the Club members, including Skigen, voted to terminate it.[1] Without the requisite standing, the Skigens cannot fairly and adequately represent the class. The trial court therefore erred in certifying the class. We see no error in the other issues raised regarding certification.
We reverse and remand the case to the trial court for further proceedings consistent with this opinion.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] It is noteworthy to mention the 1989 Offering Plan and Amended and Restated Bylaws provide the identical formula for calculating membership fee refunds. Neither document, however, provides the refundable, non-refundable allocation of the membership fee.