WALLACE, Judge.
The State appeals the trial court’s order granting Ricky J. Higby’s motion to dismiss the charge of failure to return leased equipment in violation of section 812.155, Florida Statutes (2000). The trial court found in its order that section 812.155(4)(b) creates a mandatory presumption that relieves the State of its burden to prove an essential element of the offense in violation of the due process clauses of the federal and Florida Constitutions. We reverse the order of dismissal, and we remand this case to the trial court for further proceedings.
The State charged Higby with violating section 812.155(3). This statute makes it a third-degree felony for a person who leases property valued at $300 or more under an agreement to redeliver, to abandon or willfully refuse, with the intent to defraud, to redeliver the property as agreed. In his motion to dismiss, Higby challenged the constitutionality of section 812.155(4)(b), which provides:
In a prosecution under subsection (3), failure to redeliver the property or equipment within 5 days after receipt of, or within 5 days after return receipt from, the certified mailing of the demand for return is prima facie evidence of fraudulent intent. Notice mailed by certified mail, return receipt requested, to the address given by the renter at the time of rental shall be deemed sufficient and equivalent to notice having been received by the renter, should the notice be returned undelivered.
Higby argued that subsection (4)(b) creates an unconstitutional presumption because it relieves the State of its burden of proving fraudulent intent, an essential element of the offense of failing to return leased property. In its order granting Higby’s motion, the trial court adopted the reasoning of another division of the Polk County Circuit Court in State v. Rygwelski No. CF02-08449A-XX. The other division of the court had already ruled on a similar motion. The Rygwelski trial court concluded that section 812.155(4)(b) is *1271 analogous to the statute at issue in State v. Brake, 796 So.2d 522 (Fla.2001), which the Florida Supreme Court determined created an unconstitutional presumption. After reaching this conclusion, the Rygwelski court ruled:
Similarly, section 812.155(4)(b) uses mandatory language that failure to redeliver the property “is prima facie evidence of fraudulent intent.” Obviously the statute was intended to create a presumption. Moreover, the statute creates an unconstitutional mandatory rebuttable presumption. The statute permits the State to prove the mens rea element of the offense (fraudulent intent) by proving failure to redeliver the property. It cannot be said with substantial assurance that a person not redelivering property does not have a valid legal reason. While circumstances set out in the statute may constitute evidence of a violation of a statute, they are not sufficient to create what amounts to a presumption of guilt that then must be overcome by the renter. Mandatory presumptions violate the Due Process Clause if they relieve the state of the burden of persuasion on an element of an offense. Hence, [s]ection 812.155(4)(b), Fla. Stat., is unconstitutional. ...
(Citations omitted.)
Section 812.155(4)(b) provides that the failure to redeliver property within five days after receipt of, or within five days after return receipt from, the certified mailing of the demand for return “is prima facie evidence of fraudulent intent.” In State v. Rygwelski, 899 So.2d 498 (Fla. 2d DCA 2005), we held that the language in section 812.155(4)(b) creates a permissive inference, not a mandatory presumption. The trial court erred when it reached the opposite conclusion.
Because section 812.155(4)(b) creates a permissive inference, Higby must make an as-applied challenge to its application under the facts of his case for the trial court to determine whether the presumed fact (fraudulent intent) is rationally connected to the proven fact (failure to return property within five days of receipt of demand for return). Given the procedural posture of this case — the only action taken was the ruling on the motion to dismiss; the parties have not submitted evidence as to the alleged violation — any review by this court of an as-applied challenge is premature pending further factual development.
For the guidance of the trial court and the parties on remand, the trial court should address the following question to resolve an as-applied challenge to the constitutionality of section 812.155(4)(b): If, based on the facts of the case, the inference is not the sole basis for a finding of fraudulent intent (a required element to prove guilt of the offense charged), the presumed fact must more likely than not flow from the basic fact. If, based on the facts of the case, it is clear that the inference is the sole basis for a finding of fraudulent intent, the fact proved must be sufficient to support the inference of guilt beyond a reasonable doubt.
We note that if the trial court were to conclude that section 812.155(4)(b) is unconstitutional as applied to Higby, dismissal of the information would not be an appropriate remedy. In the event the trial court sustains an as-applied challenge to the statute by Higby, the State would still have the right to take the case to trial without the benefit of the statutory presumption.
The trial court erred by identifying section 812.155(4)(b) as a mandatory presumption when, in fact, it is a permissive inference pursuant to controlling Florida *1272 precedent. Therefore, we reverse the trial court’s order granting Higby’s motion to dismiss and remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., concur.