CORTINAS, Judge
(dissenting).
I respectfully dissent. This is an appeal from an order granting a motion to dismiss the class action complaint. The trial court’s order does not explain or detail the judge’s grounds for dismissal.
Assuming, as the majority does, that the trial court dismissed the complaint for failure to meet the Rule 1.220 criteria applicable to class actions, the order doing so is completely defective.[1] Rule 1.220(d)(1) of the Florida Rules of Civil Procedure requires that the court conduct a hearing “as soon as practicable after service of any pleading alleging the existence of a class.” Fla. R. Civ. P. 1.220(d)(1). After holding a hearing, the trial court “shall enter an order determining whether the claim or defense is maintainable” as a class action. Id. Rule 1.220(d)(1) further requires that “[irrespective of whether the .court determines that the claim or defense is main-tamable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based.” Fla. R. Civ. P. 1.220(d)(1)(emphasis added); see also Fla. Dep’t of Agric. & Consumer Servs. v. City of Pompano Beach, 829 So.2d 928, 930 (Fla. 4th DCA 2002)(“Rule 1.220(d) requires the court to conduct a hearing and enter an order determining whether the claim is maintainable on behalf of a class, stating its findings as to the requirements of Rule 1.220(a) and (b).”).
Here, the trial court’s order does not contain a single finding of fact or any conclusion of law. In fact, the trial court’s order does not even cite to the rule under which dismissal is being granted. On its face, the trial court’s order is completely defective and, as such, cannot be affirmed.
In my opinion, the majority puts the proverbial cart before the horse in conducting what is essentially a de novo review of the propriety of appellant’s class action allegations without any indication that the allegations were properly considered and ruled upon by the trial court. Such a review is entirely inconsistent with the applicable standard of review for appeals of trial court decisions on class certification. United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc., 921 So.2d 23, 25 (Fla. 3d DCA 2006)(stating that a trial court’s order certifying a class is reviewed for abuse of discretion) (citations omitted). An abuse of discretion review, which is required in this case, does not and can not entail performing the functions of a trial *484 court. As an appellate court, we cannot review the propriety of the trial court’s order without any indication, as required by Rule 1.220(d)(1), of the grounds on which it is based. I would reverse the order of dismissal and remand this case to the trial court for consideration of appellant’s class action allegations.

. There is nothing to indicate that the trial court's dismissal of the complaint was based on Rule 1.140, which applies to dismissals for failure to state a cause of action. Cf. Slade v. Federated Nat’l Ins. Co., 904 So.2d 623, 624 (Fla. 4th DCA 2005)(holding that an order granting a motion to dismiss class action allegations on the grounds that they are not sufficient to maintain a class action is implicitly a Rule 1.140(b)(6) motion, not a denial of class certification, and therefore is not appealable as a non-final order); see also Fla. Dep’t of Agric. & Consumer Servs. v. City of Pompano Beach, 829 So.2d 928, 930 (Fla. 4th DCA 2002)(recognizing a difference between motions to dismiss for failure to state a cause of action under Rule 1.140 and motions to deny class certification under Rule 1.220).