GROSS, J.
This consolidated case concerns parallel class actions, in the Palm Beach and Bro-ward County circuit courts, over the destruction of citrus trees by the Florida Department of Agriculture and Consumer Services. Two classes, comprising affected landowners in Palm Beach County (the Mendez class) and Broward County (the Bogorff class), filed suit against the Department and its commissioner. The gravamen of the complaints was their inverse condemnation claims. In final judgments, the circuit courts found the Department liable and awarded, in the Palm Beach
action, $19,222,490.52, and in the Broward action, $8,043,541.50.
The issues in the appeal and cross-appeal of these non-final orders involve post-judgment proceedings on how, or whether, to allow the plaintiffs to execute on their judgments against a state agency. We hold that the applicable statute precludes the issuance of a writ of execution against the Department and decline to reach the constitutional issues at this time.

Palm Beach County Case

The Palm Beach County final judgment provided that “[ejxecution shall not issue on this judgment absent further order of this Court.”
The Mendez class moved for a “further order.” They made two arguments. First, the class contended that section 11.066, Florida Statutes (2000),[1] which prohibits the execution of judgments against the State and its agencies, should be interpreted in light of a property owner’s right to receive full and just compensation for a taking, and that another statute, section 74.091, Florida Statutes (2000),[2] serves as an exception to the prohibition in takings *607 cases. Second, and alternatively, they argued that section 11.066 was unconstitutional as applied to takings judgments as an infringement on the power of the judiciary to determine full compensation.
The Department opposed the motion for a further order. The trial court granted the class’s motion and ordered the issuance of a writ of execution after “the conclusion of all appellate proceedings arising from” the final judgment. The court noted that neither party disputed that the Department’s taking was an exercise of the State’s police powers, making it appear that section 11.066 required the class to obtain a legislative appropriation. However, the court reasoned that the language in subsection 11.066(4) — “Notwithstanding s. 71.091, a judgment for monetary damages” (emphasis added) — created an exception to the rule precluding execution against the State and its agencies, and set out to determine whether that exception applied.
Starting its analysis, the court noted that in Florida Department of Agriculture & Consumer Services v. City of Pompano Beach, 829 So.2d 928 (Fla. 4th DCA 2002), we applied the provisions of chapter 73, the main eminent domain statute, to inverse condemnation claims. The court observed that no court had ruled on the similar applicability of chapter 74, the proceedings supplemental to eminent domain statute. After considering the State’s constitutional guaranty of full and fair compensation for takings, and that such compensation is compulsory, the trial court held that the section 74.091 exception applied, so that the class could seek execution of their judgment against the Department without going through the section 11.066 appropriations process. The court did not reach “the question of whether section 11.066 is unconstitutional.”

Broward County Case

In the Broward final judgment, the trial court stated the amount of the award, followed by the language “for which let execution issue.” The Department moved to preclude issuance of a writ of execution. The circuit court granted the Department’s motion. It “conclud[ed] that [s]ee-tions 11.066(3) and (4), Florida Statutes, govern on the issue regarding execution on the Final Judgment in this case,” and declined to follow the ruling of the Palm Beach circuit court. Instead, the court held that section 11.066 “[took] precedence over [s]ection 74.091, even in these circumstances.” The class’s remedy, the court wrote, was that provided by section 11.066 — the appropriations process. If the class went through that process and could not secure an appropriation, “this Court may permit execution to issue.” Finally, the court held that section 11.066(3) was constitutional as applied.
I
The heart of the Palm Beach order was the application of section 74.091 to allow the issuance of a writ of execution. However, chapter 74 does not apply to inverse condemnation proceedings.
Statutory interpretation is reviewed de novo. GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). “The plain meaning of the statute is always the starting point in statutory interpretation,” the goal of which is to ascertain and give effect to the drafters’ intent. Id. (citing Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). When the statute is clear and unambigu *608 ous, courts will not look behind the statute’s plain language or resort to rules of construction. See Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005). Where possible, a court “must give full effect to all statutory provisions and construe related provisions in harmony with one another.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992).
Section 74.091 is found in chapter 74, which involves “proceedings supplemental to eminent domain.” Section' 74.011, Florida Statutes (2000), which defines the “scope” of the chapter, provides:
In any eminent domain action, properly instituted, by and in the name of the state; the Department of Transportation; any county, school board, municipality, expressway authority, regional water supply authority, transportation authority, flood control district, or drainage or subdrainage district; the ship canal authority; any lawfully constituted housing, port, or aviation authority; the Spaceport Florida Authority; or any rural electric cooperative, telephone cooperative corporation, or public utility corporation, the petitioner may avail itself of the provisions of this chapter to take possession and title in advance of the entry of final judgment.
(Emphasis added). The provisions of chapter 74 accordingly apply only to traditional, state-initiated eminent domain actions. Neither the Broward nor Palm Beach classes were a petitioner enumerated in section 74.011.
In its order, the Palm Beach County circuit court noted that City of Pompano Beach held that chapter 73 — “Eminent Domain” — applied to inverse condemnation cases. 829 So.2d at 931. However, that case cannot be extended to control the application of chapter 74 because chapter 73 does not contain a limitation on its application similar to section 74.011.
II
Both classes argued that subsections 11.066(3) and (4), Florida Statutes (2000), are unconstitutional as applied to their cases. First, they asserted that subsections 11.066(3) and (4) unconstitutionally restrict the right of Palm Beach and Bro-ward homeowners to recover payment of full and just compensation. Second, they contended that the statutory provisions unconstitutionally interfere with the power of the judiciary. We do not reach this issue because in the Palm Beach County case the issue was not preserved, and in the Broward County case the issue was not ripe.
The Palm Beach County circuit court expressly declined to rule on the statute’s constitutionality. Unlike facial challenges to a statute, as-applied challenges are subject to the rules of preservation. Cf, e.g., Trushin v. State, 425 So.2d 1126,1129-30 (Fla.1982) (“The facial validity of a statute, including an assertion that the statute is infirm because of over-breadth, can be raised for the first time on appeal.... The constitutional application of a statute to a particular set of facts is another matter and must be raised at the trial level.”). Part of the preservation requirement is the securing of a ruling, and the Palm Beach County class has not secured one. Hamilton v. R.L. Best Int’l, 996 So.2d 233, 235 (Fla. 1st DCA 2008) (“The preservation of error requirement is not ordinarily completed until the aggrieved party has obtained a ruling on the motion or objection made in the lower tribunal.” (citation omitted)).
With respect to the Broward County class, these as-applied constitutional challenges to section 11.066 are not yet ripe. Article X, section 6(a), of the Florida Constitution provides: “No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner....” The class argued that *609 section 11.066 is unconstitutional as applied because it limits their ability to secure the full payment to which they are entitled.
However, the legislature might well appropriate the full amounts of the awards in a statute directed at some form of payment. For this reason, such as-applied constitutional challenges, resting on particular facts and claiming a denial of full compensation, are not ripe until the statute has actually been applied and resulted in a constitutional deprivation. See State v. Newman, 405 So.2d 971, 972 (Fla.1981) (holding that a defendant’s challenge to the statute criminalizing possession of cocaine was ripe “[o]nce defendant was charged under the statute”); State v. Oakley, 515 So.2d 1012 (Fla. 4th DCA 1987) (holding that a defendant’s challenge to a burden-shifting statute, contained in a pretrial motion, was not ripe “because prior to actual application of the alleged burden-shifting statute at trial, there can be no constitutional violation”); State v. Demarzo, 453 So.2d 850, 852 & 853 n. 3 (Fla. 4th DCA 1984) (where the defendant was challenging the constitutionality of a state statute “mandating suspension of a [personj’s driver’s license when a court continuance requested by the defendant delays the hearing on the suspension beyond the statutory prescribed time,” “[t]he defendant did not actually seek a continuance in the trial court so we are not presented with any issue as to the validity of the statute as applied to a particular situation.”); Grady v. Dep’t of Prof'l Regulation, Bd. of Cosmetology, 402 So.2d 438, 440 (Fla. 3d DCA 1981) (holding that an appellant’s constitutional challenges to a board’s licensing and testing procedures were not ripe for review “in the absence of an actual controversy between the parties,” as “the Board has neither tested appellant nor denied him a license”); cf. State v. Higby, 899 So.2d 1269 (Fla. 2d DCA 2005) (after reversing the dismissal of criminal charges on a facial constitutional challenge, noting that any as-applied challenge would depend on the particular facts developed below); Shands v. City of Marathon, 999 So.2d 718, 725 (Fla. 3d DCA 2008) (“An as-applied takings claim challenging the application of a land use ordinance is not ripe until the plaintiff has obtained a final decision regarding the application of the regulations to the plaintiffs property.”).
Because the Broward County class has not yet availed itself of the appropriation process contemplated by section 11.066, its as-applied constitutional challenge to the statute is not ripe for review.
We reverse that portion of the Palm Beach County order allowing execution against the Department and remand to the circuit courts for further proceedings consistent with this opinion. We also reverse that portion of the Broward County order holding that section 11.066(3) was constitutional as applied, because the issue was not yet ripe.
HAZOURI and CONNER, JJ., concur.

. Which provides in relevant part:
(3) Neither the state nor any of its agencies shall pay or be required to pay monetary damages under the judgment of any court except pursuant to an appropriation made by law. To enforce a judgment for monetary damages against the state or a state agency, the sole remedy of the judgment creditor, if there has not otherwise been an appropriation made by law to pay the judgment, is to petition the Legislature in accordance with its rules to seek an appropriation to pay the judgment.
(4) Notwithstanding s. 74.091, a judgment for monetary damages against the state or any of its agencies may not be enforced through execution or any common-law remedy against property of the state or its agencies, and a writ of execution therefor may not be issued against the state or its agencies. Moreover, it is a defense to an alternative writ of mandamus issued to enforce a judgment for monetary damages against the state or a state agency that there is no appropriation made by law to pay the judgment.
§ 11.066, Fla. Stat.

. Which provides in full:
Where an order of taking has been entered and deposit made, the failure of the petitioner to pay into the court the compensation ascertained by the jury shall not invalidate said judgment or the title of the petitioner, and such failure shall not authorize any person to molest, interfere with, enter or trespass upon said property; provided, however, persons lawfully entitled to compensation may sue out execution, in the event a timely appeal has not been filed, and such execution may be lev *607 ied upon the property so condemned and any other property of the petitioner in the same manner as executions are levied in common-law actions.
§ 74.091, Fla. Stat.'