# IN THE COURT OF APPEALS OF IOWA

No. 19-0387
Filed April 15, 2020

**ROBERT LYNN VAUGHAN,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Lee (North) County, Mark Kruse,

Judge.


　　　　Robert Vaughan appeals the denial of his postconviction-relief application.

**AFFIRMED.**


　　　　Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


　　　　Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Following a fire at his mother's home, Robert Vaughan was convicted of first-degree arson. He filed a postconviction-relief (PCR) application alleging his trial counsel was ineffective for multiple reasons. He also raised a claim of newly-discovered evidence. The PCR court denied the application. Vaughan appeals.

We begin with Vaughan's ineffective-assistance claims. He contends his trial counsel was ineffective for the following reasons: (1) failure to investigate and call witnesses to testify; (2) failure to discuss Vaughan's right to testify and, indeed, prohibiting him from testifying; and (3) failure to inform Vaughan of the possible sentences and plea bargains.

Although our review is de novo, we give weight to the PCR court's findings concerning credibility. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "The applicant must show that (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent that it denied the defendant a fair trial." *Caldwell v. State*, 494 N.W.2d 213, 214 (Iowa 1992). "A party urging ineffective assistance of counsel has the burden of proof, and there is a presumption that counsel was competent." *Id.* To establish prejudice, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Ledezma*, 626 N.W.2d at 142 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "Both elements must be proven by a preponderance of the evidence." *Id.* If one element is not proven, we need not address the other. *See id.* "Mere mistakes in judgment or erroneous trial strategies do not necessarily amount to ineffective assistance of counsel." *Caldwell*, 494 N.W.2d at 214.

First, Vaughan claims "the most significant issue" is that trial counsel was ineffective by "fail[ing] to investigate the starting of the fire and fail[ing] to call witnesses proposed by Vaughan." As one particular, he claims trial counsel should have called a fire-investigation expert to challenge the State's theory that the fire was incendiary, meaning intentionally set.

As the PCR court made clear, though, counsel's strategy was to concede the fire was intentionally set but argue Vaughan "did not set it or participate in it being set." Like the PCR court, we decline to "second-guess" this strategy given the current record. We note particularly that Vaughan presented no expert testimony at the PCR hearing. So he cannot show he was prejudiced by the lack of expert testimony at trial. *See Cox v. State*, 554 N.W.2d 712, 715 (Iowa Ct. App. 1996) ("At the postconviction hearing, Cox presented no independent evidence to establish a contrary expert opinion would exist. Absent such proof, he cannot prove prejudice.").

Vaughan also claims trial counsel did not investigate James Jennings, although Vaughan allegedly told trial counsel that Jennings was responsible for setting the fire. However, in his second deposition, trial counsel testified Vaughan never informed him that Jennings was responsible. Moreover, Jennings was, in fact, deposed. Like the PCR court, we see no merit in Vaughan's claim about Jennings.

Vaughan also contends he provided his trial counsel with a list of possible witnesses but trial counsel did not call any. He insists these witnesses could have provided information about his physical condition and limited mobility. But the PCR court found additional witnesses would be "redundant" because "[t]he record would

strongly suggest that the defense 'centered around' this condition and was not subtle, but clearly evident." Indeed, Vaughan sat in a wheelchair throughout trial. Also, once more, Vaughan provided no proof of what these potential witnesses would say or that their testimony would change the outcome. *See Castine v. State*, No. 03-0437, 2004 WL 1251975, at *3 (Iowa Ct. App. June 9, 2004) (finding no prejudice "because there is no reasonable probability that the supposed testimony of either one of these witnesses would have changed the outcome of the trial"). We find Vaughan has failed to meet his burden of proof on this claim.

Next, Vaughan contends trial counsel failed to properly advise him of his right to testify. And he claims trial counsel prohibited him from testifying even though his testimony would have been beneficial. But trial counsel, in two depositions, testified he informed Vaughan of the right to testify but warned Vaughan of the consequences, including impeachment. *See Ledezma*, 626 N.W.2d at 146–47 ("Counsel has a duty to advise the defendant about the consequences of testifying so that an informed decision can be made."). The PCR court found trial counsel gave Vaughan advice on these matters and "it was up to Mr. Vaughan to accept it or reject it." The PCR court also declined to "second-guess" counsel's "strategy" of warning Vaughan about the risks of testifying, including Vaughan's "impeachable conviction on a federal mail fraud case." We agree with the PCR court. Vaughan has again failed to overcome the presumption that trial counsel was competent or to show that prejudice occurred. *See Caldwell*, 494 N.W.2d at 214.

We move on to Vaughan's final ineffective-assistance claim. He asserts trial counsel failed to inform him of potential plea agreements or sentences. Trial

counsel stated he hand-delivered Vaughan a letter detailing such information. The letter was admitted as an exhibit. It provides various information on Vaughan's case, including:

> 1. A jury trial is always a big gamble, and the jury might convict you of [a]rson [f]irst [d]egree, a class B felony under Iowa law providing for a mandatory twenty-five year sentence. While you would be immediately eligible for parole, that would be no guarantee as to when the Iowa Board of Parole would grant that. . . .
> . . . .
> 3. I do want to advise you that it is my considered opinion that we could receive a lesser charge than [a]rson [f]irst [d]egree from the [p]rosecuting [a]ttorney which would not result in your incarceration but you have proclaimed your innocence with regard to the fire, and not authorized me to do so. You have also rejected my suggested attempts to see if an *Alford* plea would be acceptable to the [p]rosecutor, so I have not done so.
> 4. I have told you on several occasions that if I were in your shoes, I would seek some plea agreement short of trial rather than take a chance with a jury on a verdict of guilty to [a]rson in the [f]irst [d]egree, and you have chosen to reject that advice.

Vaughan contends he has never seen this letter. The PCR court found this not credible. *See Ledezma*, 626 N.W.2d at 141 ("[W]e give weight to the lower court's findings concerning witness credibility."). We agree, and we find Vaughan has failed to meet his burden of proof on this claim.

Finally, Vaughan briefly argues newly-discovered evidence requires the grant of a new trial. Vaughan's newly-discovered evidence was presented at the end of his deposition. Vaughan stated that, while he and Jennings were together in prison, Jennings confessed to Vaughan that he had started the fire.

"District court rulings on PCR applications based on newly-discovered evidence are reviewed for abuse of discretion." *Anderson v. State*, No. 14-1038, 2016 WL 3556296, at *1 (Iowa Ct. App. June 29, 2016).

The proponent of the newly-discovered evidence must show: (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Harris v. State*, No. 01-0406, 2002 WL 31115264, at *2 (Iowa Ct. App. Sept. 25, 2002).

But, as the PCR court noted, Vaughan provided no supporting evidence for this claim. While he alleges he and Jennings were at the same prison at the same time in the same location, there is no proof. Jennings's whereabouts are unknown and, in fact, Vaughan believes he is deceased. While Vaughan names two other witnesses who also allegedly heard Jennings's confession, neither of them came before the PCR court. There just is not enough information to support this claim. The district court did not abuse its discretion. We reject this claim as well.

Vaughan has not met his burden of proof on any of his claims.

**AFFIRMED.**