995 So.2d 573 (2008)
AMERIQUEST MORTGAGE CO., Appellant,
v.
Elvira R. SCHEB, individually and on behalf of all others similarly situated, Appellees.
No. 2D08-991.
District Court of Appeal of Florida, Second District.
October 15, 2008.
Steven Ellison of Broad and Cassell, West Palm Beach and Harry W.R. Chamberlain II and Robert M. Dato of Buchalter Nemer P.C., Los Angeles, California, for Appellant.
Nickolas C. Ekonomides, Clearwater Beach and Richard Bennett, Coral Gables, for Appellee.
PER CURIAM.
Affirmed.
NORTHCUTT, C.J., and STRINGER, J., Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur with some reluctance in this affirmance of an order granting class certification. This case is one of many now pending throughout the country seeking repayment of excess premiums charged for title insurance policies on refinanced mortgage loans when the homeowner had already purchased a title insurance policy in connection with the original mortgage loan. See, e.g., Alberton v. Commonwealth Land Title Ins. Co., 247 F.R.D. 469 (E.D.Pa.2008); Randleman v. Fid. Nat'l Title Ins. Co., 251 F.R.D. 267 (N.D.Ohio 2008) (both cases certifying class in similar case against title insurance company). In this case, however, the action has been filed against a lender, Ameriquest Mortgage Co., and does not name any title insurance company as a defendant.
In arguing against class certification, Ameriquest raised colorable arguments as to whether this complaint effectively states a cause of action. These arguments are not properly considered in the context of determining class certification. See City of Tampa v. Addison, 979 So.2d 246, 252 (Fla. 2d DCA 2007). In this case, however, it is unclear why these issues were not raised or resolved by the parties before the court considered class certification. It seems highly inefficient to proceed with the rather expensive and involved steps of notification of the class in this case when it is uncertain whether the complaint alleges a cognizable claim.
Our record in this nonfinal appeal consists only of a limited number of pleadings, including the plaintiffs' third amended complaint, Ameriquest's answer and affirmative defenses to that complaint, the plaintiffs' answer to Ameriquest's affirmative defenses, and the few pleadings regarding the specific request to determine the class. According to the third amended complaint, Ameriquest provided refinancing for residential mortgage loans to more than 66,000 borrowers and in the process, the borrowers paid excess title insurance premiums to several different title insurance companies. The plaintiffs do not allege that Ameriquest received any of the excess premiums or conspired with the title insurance companies to defraud these customers. Instead, the complaint merely alleges that Ameriquest breached the "HUD contracts" involved in the transaction. *574 No representative contract is attached to the third amended complaint or appears in our record. The plaintiffs effectively claim that Ameriquest, as the lender, owed them a duty to see that the title insurance companies did not overcharge them and that the plaintiffs are entitled to reimbursement from Ameriquest for premiums paid to the title insurance companies at the closings on these refinanced loans. For all we know, all of these 66,000 plaintiffs may have been identified as class members in other lawsuits pending against the relevant title insurance companies.
Ameriquest's eleventh affirmative defense to this complaint asserts that the plaintiffs "lack standing" to prosecute these claims. Our record does not make clear whether Ameriquest previously sought to dismiss the action on these grounds or otherwise sought to bring this legal issue before the trial court. When the issue of class certification was raised, however, Ameriquest argued that the plaintiffs lacked standing to raise these claims. The circuit court granted the motion for class certification in part, noting in its analysis that the focus was not on the merits of the claims raised but on the requirements set forth in Florida Rule of Civil Procedure 1.220.
Rule 1.220(d)(1) requires a trial court considering a class action complaint to make the determination as to whether the action can proceed on behalf of the class "[a]s soon as practicable after service of any pleading alleging the existence of a class." This rule is modeled after Federal Rule of Procedure 23, although there are various differences between the two. Fla. R. Civ. P. 1.220 (Comm. Notes, 1980 Amend.). The controlling precedent makes clear that a trial court considering whether an action may be maintained by a class is not to focus on the merits of the case, but only the requirements of the rule. See City of Tampa v. Addison, 979 So.2d 246, 252 (Fla. 2d DCA 2007); Samples v. Hernando Taxpayers Ass'n, 682 So.2d 184, 186 (Fla. 5th DCA 1996) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)); but see Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1175 (Fla. 1st DCA 2008) (noting, in the context of a nonfinal appeal concerning precertification discovery, that "there is not always a bright line between issues relating to class certification and issues relating to the merits of a claim or defense").
These principles do not combine, however, to prohibit a court from assessing even the basic merits of a claim before deciding whether it may proceed as a class action. As explained in Marx v. Centran Corp., 747 F.2d 1536 (6th Cir.1984):
It has never been doubted that a complaint asserting a class action could be dismissed on the merits before determining whether the suit could be maintained as a class action. See, e.g., Jacobs v. Gromatsky, 494 F.2d 513, 514 (5th Cir.), cert. denied, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974). Miller v. Mackey International, Inc., 452 F.2d 424, 428-29 (5th Cir.1971). To require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake.
Id. at 1552.
Indeed, federal courts have recognized that a trial court may, under certain circumstances, even consider a motion for summary judgment before deciding class certification issues under rule 23:
According to Fed.R.Civ.P. 23(c)(1), the district court must rule on the issue of class certification "[a]s soon as practicable after the commencement of an action brought as a class action. . . ." The *575 Wrights contend that this language requires the district court to decide the class certification issue before making any rulings on the merits. The history of Rule 23, however, shows that its framers considered and rejected a provision imposing just such a requirement. See Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts, 34 F.R.D. 325, 386 (1964); cf. Committee on Federal Rules of Civil Procedure, Judicial Conference-Ninth Circuit (Second Supplemental Report), 37 F.R.D. 499, 522 (1965). The key word of section (c)(1) in its final form is "practicable," a term that deliberately avoids a mechanical approach and calls upon judges "to weigh the particular circumstances of particular cases and decide concretely what will work. . . ." Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 40 (1968). In short, the language of section (c)(1) "leaves much room for discretion." City of Inglewood v. City of Los Angeles, 451 F.2d 948, 951 (9th Cir.1971); see 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1785, at 116 (Supp.1984); 6 Fed.Proc.L.Ed. § 12:180 (1982).
. . . .
. . . Moreover, several other circuit courts have affirmed summary judgment for a defendant where no ruling has been made as to the class. See, e.g., Project Release v. Prevost, 722 F.2d 960, 963 & n. 2 (2d Cir.1983); Pharo v. Smith, 621 F.2d 656, 663-64 (5th Cir.), on rehearing aff'd in part, remanded in part on other grounds, 625 F.2d 1226 (1980); Vervaecke v. Chiles, Heider & Co., 578 F.2d 713, 719-20 (8th Cir.1978); Crowley v. Montgomery Ward & Co., 570 F.2d 877, 879 (10th Cir.1978); Acker v. Provident National Bank, 512 F.2d 729, 732 n. 5 (3d Cir.1975). These cases are consistent with the language of Rule 23(c)(1) calling for a class determination "as soon as practicable." They demonstrate that the timing provision of Rule 23 is not absolute. Under the proper circumstances-where it is more practicable to do so and where the parties will not suffer significant prejudice-the district court has discretion to rule on a motion for summary judgment before it decides the certification issue.
Wright v. Schock, 742 F.2d 541, 543-544 (9th Cir. 1984).
In this case, it may have been more practicable for the parties and the court to decide whether this complaint presented a cognizable claim before proceeding with the determination of the class. As presented, however, the trial court did not abuse its discretion in deciding this action could proceed on behalf of a class.