ROBERTS, J.
These appeals arise from two virtually identical non-final orders from the trial court granting the appellees’ motions for class certification. As the appeals raise the same issue regarding the propriety of class certification, they have been consolidated for disposition in this opinion.
The appellants are Florida licensed title insurance underwriters. The appellees are homeowners who sued the appellants on their own behalf and on behalf of a putative class of homeowners, alleging that they were not provided a discount title insurance rate, known as the “reissue rate,” for which they may have been eligible when they refinanced their homes. Under Florida law, “provided a previous owner’s policy was issued insuring the seller or the mortgagor in the current transaction and that both the reissuing agent and the reissuing underwriter retain for their respective files copies of the prior owner’s policy,” the reissue rate shall apply to “mortgage policies issued on refinancing of property insured by an original owner’s policy which insured the title of the current mortgagor.” § 627.7825(2), Fla. Stat.; Fla. Admin. Code r. 690-186.003(2).[1]
In each case, the appellees moved for certification of a class of persons who were allegedly overcharged for title insurance in connection with refinancing of real property transactions. To support certification, they argued that the common and predominate issue was whether the appellants had a non-delegable duty to price title insurance premiums in accordance with Florida law. The appellants opposed certification and primarily argued that the trial court would be overwhelmed by the individualized nature of the issues, including whether each class member actually presented a copy of his or her prior owner’s policy and whether the appellants or their agents notified the refinancing borrower about the availability of the reissue rate. After evi-dentiary hearings, the trial court agreed *282 that the appellees’ common question predominated and issued orders certifying the same class under Florida Civil Procedure Rule 1.220(b)(3) in each case. The classes were defined as follows:
All persons or entities in Florida (excluding governmental entities, Defendant and its employees, agents, present and former parents, subsidiaries, and affiliates) who, from July 1, 1999 to the date of this Order, paid a title insurance premium to Defendant in mortgage refinancing transactions in an amount in excess of that allowed by Florida law as set forth in Section 627.7825 of the Florida Insurance Code, or 690-186.003 of the Florida Administrative Code.
On appeal, the appellants do not dispute that they had a duty to price policies in accordance with Florida law. Rather, they argue that the trial court erred in certifying the respective classes because individual issues overwhelm and defeat the predominance and superiority requirements of rule 1.220(b)(3). Because we believe the trial court did not err in allowing the actions to proceed on behalf of the defined classes, we affirm.
We review class certification orders for abuse of discretion. See Seven Hills, Inc. v. Bentley, 848 So.2d 345, 352 (Fla. 1st DCA 2003). Doubts about certification should be resolved in favor of certification, particularly in the early stages of litigation. See Sears Home Improvement Prods., Inc. v. Porterfield, 949 So.2d 318, 319 (Fla. 1st DCA 2007).
Class actions are governed by rule 1.220 and the movant for class certification bears the burden of proving all four of the requirements of rule 1.220(a) (numerosity, commonality, typicality, and adequacy) as well as one of the three subdivisions of rule 1.220(b). See Earnest v. Amoco Oil Co., 859 So.2d 1255, 1257-58 (Fla. 1st DCA 2003). Certification under rule 1.220(b)(3) requires that common questions of law or fact predominate over any individual questions of the separate members and that the class action is superior to other available methods for a fair and efficient adjudication of the controversy. The appellants here do not challenge the trial court’s findings that the requirements of rule 1.220(a) were satisfied, but rather take issue with the trial court’s predominance and superiority analysis under rule 1.220(b)(3). Ultimately, the parties dispute whether there is a common question of law that predominates over the individualized issues.
The trial court has an obligation to conduct a “rigorous analysis” of the requests for certification. See Earnest, 859 So.2d at 1258. In so doing, the trial court “may look beyond the pleadings and, without resolving disputed issues, determine how disputed issues might be addressed on a classwide basis.” Id. In considering the propriety of class certification, the trial court’s focus should be whether the requirements of rule 1.220 are met, not whether the moving party will prevail on the merits. See Rollins v. Butland, 951 So.2d 860, 868 (Fla. 2d DCA 2006). However, there is “not always a bright line between issues relating to class certification and issues relating to the merits of a claim or defense.” See Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1175 (Fla. 1st DCA 2008) (granting writ of certiorari in the instant case and holding the trial court’s precertification discovery order was unduly burdensome).
In these cases, the propriety of certification depends on the appellees receiving a favorable ruling on the substantive law issue in the merits phase. The cases turn on an interpretation of the appellants’ duty under Florida law, which must be resolved first and may be examined on a class-wide basis. The appellees advocate for an in *283 terpretation of Florida law that places the burden completely on the appellants to determine when the reissue rate applied. Under this interpretation, class adjudication would be appropriate. That is, if the duty to determine whether the reissue rate applied falls solely on the title insurance companies, then the individual practices of their agents and the circumstances of each transaction become largely irrelevant. If the common question is not resolved as suggested by the appellees, it is unlikely that the class actions will be able to proceed. That is, the individualized nature of the claims will likely predominate under an interpretation of Florida law that places any less than a complete burden on the appellants. Nonetheless, because the ap-pellees have presented a theory that, if correct, will result in common issues predominating, we find that class certification is appropriate at this stage in the proceedings.
We recognize that it is rather inefficient to proceed with the “expensive and involved steps” of class notification when resolution of the initial common question of legal duty will be only a small step forward and one that will likely be answered in summary judgment. See Ameriquest Mortgage Co. v. Scheb, 995 So.2d 573, 575 (Fla. 2d DCA 2008) (Altenbernd, J. concurring) (noting that a trial court is not prohibited from considering the basic merits of a claim before certifying a class, which, in the federal courts, has included ruling upon a motion for summary judgment pri- or to class certification). Nonetheless, in the cases as presented, the trial court did not abuse its discretion in certifying the classes. If the trial court later interprets Florida law in a manner that results in individual issues becoming predominate, then there are a number of management tools, including modification or decertification, which the trial court may employ. See Ouellette v. Wal-Mart Stores, Inc., 888 So.2d 90, 91 (Fla. 1st DCA 2004). Accordingly, we affirm the orders granting certification of the classes as defined.
PADOVANO and MARSTILLER, JJ„ Concur.

. Section 627.7825 applied from July 1, 1999, through June 30, 2002. Rule 690-186.003, which contains identical verbiage, has applied since July 1, 2002.