888 So.2d 90 (2004)
Debra OUELLETTE, et al, Appellants,
v.
WAL-MART STORES, INC., et al, Appellees.
No. 1D04-0773.
District Court of Appeal of Florida, First District.
November 23, 2004.
*91 Stephen H. Echsner, of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Pensacola; Russell T. Lloyd, of O'Quinn, Laminack & Pirtle, Houston, Texas, for Appellants.
John W. Caven, Jr., Bradley R. Johnson, and Scott D. Richburg, of Foley & Lardner LLP, Jacksonville; Weyman T. Johnson, Jr., of Paul, Hastings, Janofsky & Walker, LLP, Atlanta, GA, for Appellees.
POLSTON, J.
Appellants are current and former hourly employees of appellee Wal-Mart Stores, Inc. who have filed suit on behalf of themselves and a class of all current and former hourly employees of Wal-Mart in Florida. The appellants, alleging inter alia that Wal-Mart required them to work "off the clock" without compensation and did not provide them with promised rest and meal breaks, brought causes of action under theories of breach of contract, quantum meruit, unjust enrichment, and Florida statutory violations. The appellants seek review of the trial court's order denying their amended motion for certification of class action. We affirm the trial court's ruling, but on different grounds.
The trial court denied the motion for class certification because each class member would have an individualized claim for damages requiring proof and a separate trial. We agree with appellants that the individualized nature of their damages claims should not bar certification of the class. See Klay v. Humana, Inc., 382 F.3d 1241, 1259, 1273 (11th Cir.2004) (recognizing that "`individualized damages issues do[ ] not prevent a finding that the common issues in the case predominate'";" `[t]here are a number of management tools available to a [trial] court to address any individualized damages issues that might arise in a class action, including: (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the *92 class'"); Broin v. Philip Morris Cos., Inc., 641 So.2d 888, 891 (Fla. 3d DCA 1994) (stating that "[e]ntitlement to different amounts of damages is not fatal to a class action"; "[s]hould it become appropriate, the court may divide the class into subclasses to resolve these issues").
However, because appellants seek to certify an overbroad class of all current and former hourly Wal-Mart employees in Florida on or subsequent to July 13, 1997, we affirm. See Wal-Mart Stores, Inc. v. Bailey, 808 N.E.2d 1198, 1204 (Ind.Ct.App.2004) (ruling that a class defined as "[a]ll current and former hourly employees of Wal-Mart Stores, Inc. (including its operating divisions Sam's Club and Wal-Mart Supercenters) in the State of Indiana during the period August 1, 1998 to present" is overbroad because it includes members who never worked off the clock and therefore have no interest in the lawsuit). Our ruling is without prejudice to appellants redefining the class on remand. Id. at 1207.
AFFIRMED and REMANDED.
WEBSTER and PADOVANO, JJ., concur.