PER CURIAM.
These consolidated appeals are from non-final orders, one of which certified a class action and one of which denied certification of a class action. The plaintiffs in both cases seek damages for citrus trees destroyed by the citrus canker eradication program in Palm Beach County. We affirm the order certifying the class in the Mendez case (4D04-1738) for the same reasons we affirmed certification in Florida Department of Agriculture and Consumer Services v. City of Pompano Beach, 829 So.2d 928 (Fla. 4th DCA), rev. denied, 845 So.2d 889 (2003). See also Patchen v. Florida Department of Agriculture and Consumer Services, 30 Fla. L. Weekly S241, — So.2d -, 2005 WL 856890 (Fla. Apr. 14, 2005).
We also affirm the denial of certification in the Castin case (4D04-846). The damages sought in Castin include severance damages to the real estate, damages for the fruit provided by the trees, as well as the shade, aroma, blossoms, and “other values for which people treasure citrus in Florida.” This would, as found by the trial court, require individual trials for each homeowner. We conclude, as we did in Execu-Tech Business Systems, Inc. v. Appleton Papers Inc., 743 So.2d 19 (Fla. 4th DCA 1999), that the trial court did not abuse its discretion in denying class certification, because the evidence showed no reasonable methodology for generalized proof suitable for a class action.
Affirmed.
POLEN, KLEIN and SHAHOOD, JJ., concur.