MORRIS, Judge.
 

 Douglas J. Morgan appeals from an order denying his motion for class certification. He originally filed a complaint against Jim Coats, the Pinellas County sheriff, asserting claims for breach of an oral contract, quantum meruit, and unjust enrichment; all the claims pertained to his prior employment as a detention deputy for the sheriffs office. He thereafter sought class certification on behalf of all detention deputies who worked standard 8-1/2-hour shifts during the two years preceding the filing of the complaint. It appears from the trial court’s order that after a careful analysis of the facts and thoughtful discernment of the law, the circuit court denied class certification on the basis that Morgan failed to prove the commonality and typicality prongs of the class certification test. The circuit court also found that Morgan failed to prove that common issues predominated over individual questions and that class action status was the superior means of adjudicating the controversy. However, we conclude that in making these findings, the circuit court erred.
 

 I. Facts
 

 Morgan worked as a detention deputy for the sheriffs office from June 1985 to December 2004. Morgan was scheduled to work standard eight-hour shifts. Yet, like all detention deputies, he was required to arrive thirty minutes before his shift for a roll-call or “read off,” at which time detention deputies who were beginning their shifts would be given their assignments and advised of events which occurred prior to their shift. Thus the eight-hour shifts were really 8 1/2 hours. Detention deputies were paid for the mandatory roll-call period.
 
 [1]
 

 
 *63
 
 However, detention deputies were provided with an
 
 unpaid
 
 thirty-minute meal break, which was supposed to be included in each 8-1/2-hour shift. In the event that a deputy’s meal break was interrupted, that deputy was to be compensated for the work performed. While detention deputies could leave the jail compound during their meal breaks if they received permission to do so, sheriffs office employees acknowledged that it was rare for detention deputies to receive permission to leave. And when detention deputies remained on the premises during their meal breaks, they were considered to be on call and were required to assist with disturbances and any other matters which arose.
 

 The basis for Morgan’s claims was that although he worked 8 1/2 hours, he was only compensated for eight hours. He argued that because detention deputies were required to remain on call during their meal breaks when they stayed on the premises and because they almost never left the premises for meal breaks, they were essentially working during such breaks and thus should have been compensated for the entire 8-1/2-hour period. In seeking class certification, Morgan argued that he met the commonality and typicality requirements for class certification because the sheriff engaged in a similar course of conduct with each detention deputy.
 
 [2]
 

 In finding that Morgan failed to meet the commonality prong, the circuit court held that each class member’s claims would be based on unique factual determinations and would require individualized proof. In finding that Morgan failed to meet the typicality prong, the circuit court similarly held that it was reasonable to conclude that there would be significant factual distinctions between Morgan’s claims and those of the other class members. Finally, in determining that Morgan failed to prove that common issues predominated and that class action status was the superior means of adjudicating the controversy, the circuit court noted that individualized inquiries would be necessary for each claim and that “any realization of judicial economy as proposed by Morgan would come at the expense of the due process rights of [the sheriff].”
 

 II. Analysis
 

 A. Requirements for Class Certification
 

 “Before a class action can be certified, the trial court must conduct a rigorous analysis to determine that the elements of [Florida Rule of Civil Procedure 1.220(a) ] ... have been met.”
 
 City of Tampa v. Addison,
 
 979 So.2d 246, 251 (Fla. 2d DCA 2007). Those elements are known as the numerosity, commonality, typicality, and adequacy of representation elements.
 
 See id.
 
 In addition to meeting those elements, plaintiffs are required to satisfy one of the three subdivisions of rule 1.220(b).
 
 See id.
 
 Relevant to this case is rule 1.220(b)(3), which requires that common questions predominate over individual ones and that class action status is a superior means of adjudicating the controversy. “The party moving to certify the class has the burden of proving the propriety of class action status.”
 
 Addison,
 
 979 So.2d at 252. “Although a trial court will generally be required to conduct an evidentiary hearing to determine whether to certify a
 
 *64
 
 class, the trial court’s proper focus is on whether the requirements of rule 1.220 have been met and not on whether the moving party will prevail on the merits.”
 
 Id.
 

 We review the circuit court’s order denying class action status for an abuse of discretion.
 
 See Fla. Health Scis. Ctr., Inc. v. Elsenheimer,
 
 952 So.2d 575, 581 (Fla. 2d DCA 2007).
 

 B. The Circuit Court Erred by Finding that Morgan Failed to Meet the Commonality and Typicality Prongs.
 

 1. Commonality
 

 “The ... primary concern in considering the ... commonality of claims should be whether the representative’s claim arises from the same practice or course of conduct that gave rise to the remaining claims and whether the claims are based on the same legal theory.”
 
 Powell v. River Ranch Prop. Owners Ass'n, Inc.,
 
 522 So.2d 69, 70 (Fla. 2d DCA 1988);
 
 see also Terry L. Braun P.A. v. Campbell,
 
 827 So.2d 261, 267 (Fla. 5th DCA 2002) (citing
 
 McFadden v. Staley, 687
 
 So.2d 357 (Fla. 4th DCA 1997)). “Where both liability and damages depend on individual factual determinations, resolution of these claims can only be decided on an individual basis which is inconsistent with the commonality requirement for class actions.”
 
 Terry L. Braun, P.A.,
 
 827 So.2d at 267. But “[t]he threshold for commonality is not high ... [and fjactual differences between class members do not necessarily preclude a finding of commonality.”
 
 Leszczynski v. Allianz, Ins.,
 
 176 F.R.D. 659, 671 (S.D.Fla.1997) (citations omitted);
 
 see also Powell,
 
 522 So.2d at 70 (“Rule 1.220[ ] do[es] not require that class certification be denied merely because the claim of one or more class representatives arises in a factual context that varies somewhat from that of other plaintiffs.”). “ ‘The requirement is met if the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated.’ ”
 
 Collins v. Int’l Dairy Queen, Inc.,
 
 168 F.R.D. 668, 673-74 (M.D.Ga.1996) (quoting
 
 Coleman v. Cannon Oil Co.,
 
 141 F.R.D. 516, 521 (M.D.Ala.1992)).
 

 In this case, Morgan concedes there is no common, formal contract between the sheriff and all of the detention deputies. However, he suggests that the hiring of each deputy resulted in a type of common, oral contract. He then contends that even without a common contract, recovery may still be had because the sheriff engaged in a similar course of conduct with all detention deputies. The similar course of conduct was the sheriffs failure to pay the detention deputies for their meal periods, which Morgan claims were compensable — whether they were interrupted or not — due to the fact that the deputies had to remain on call and provide assistance with matters when needed. Other courts have determined that such claims meet the commonality prong.
 
 See Clausnitzer v. Fed. Express Coup.,
 
 248 F.R.D. 647, 656 (S.D.Fla.2008) (holding commonality element was met where undisputed evidence reflected existence of documents constituting alleged contracts between the parties as well as company policy of failing to pay for all time worked);
 
 Basco v. Wal-Mart Stores, Inc.,
 
 216 F.Supp.2d 592, 599 (E.D.La.2002) (finding commonality prong was met where plaintiffs claimed that defendant entered into and breached contracts with plaintiffs by requiring them to work off-the-clock and miss meal and rest breaks). Indeed, it is precisely “ ‘because the complaint alleges a scheme or common course of misconduct against’ ” the detention deputies that “ ‘class certification is appropri
 
 *65
 
 ate[] regardless of the existence of some differences in class members’ positions.’ ”
 
 Collins,
 
 168 F.R.D. at 674 (quoting
 
 Longden v. Sunderman,
 
 123 F.R.D. 547, 558 (N.D.Tex.1988)).
 

 While it is true that there will be some factual variations among the class members’ claims, such as when each detention deputy was hired and the extent to which they spent their meal breaks performing services for the benefit of the sheriffs office, such issues go to the determination of damages rather than to liability. And individualized damages inquiries do not preclude class certification.
 
 See Ouellette v. Wal-Mart Stores, Inc.,
 
 888 So.2d 90, 91 (Fla. 1st DCA 2004). It is clear that each class member would have claims predicated upon the same course of conduct by the sheriff and that such claims would be based upon the same legal theories. Accordingly, the circuit court erred when it found that Morgan failed to meet the commonality requirement.
 

 2. Typicality
 

 “ ‘The key inquiry in determining whether a proposed class has “typicality” is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members.’ ”
 
 Clausnitzer,
 
 248 F.R.D. at 656 (quoting
 
 Medine v. Wash. Mut., F.A.,
 
 185 F.R.D. 366, 369-70 (S.D.Fla.1998)). “The test for typicality, like the test for commonality, is not demanding and focuses on the general similarity between the named plaintiffs]’ legal and remedial theories and the theories of those whom they purport to represent.”
 
 Basco,
 
 216 F.Supp.2d at 599. ‘“The typicality requirement may be satisfied despite substantial factual differences ... when there is a strong similarity of legal theories.’ ”
 
 Clausnitzer,
 
 248 F.R.D. at 656 (quoting
 
 Murray v. Auslander,
 
 244 F.3d 807, 811 (11th Cir.2001)).
 

 Here, Morgan alleged that he suffered the same injury: not being paid for meal breaks. He also alleged that his claim was based on the same legal theories as the claims of the rest of the class members: breach of contract, quantum meruit, and unjust enrichment. Thus, Morgan satisfied the typicality prong by meeting the minimal requirement of showing that he possessed the same interest and had suffered the same type of injury as the rest of the class members. The fact that the
 
 extent
 
 of his injury (i.e., damages) might vary from that of the other class members does not bar a finding of typicality in this case.
 
 See Ouellette,
 
 888 So.2d at 91;
 
 see also Clausnitzer,
 
 248 F.R.D. at 657 (finding that in breach of contract action, typicality prong was met where all potential class members were subject to same company-wide policy that purportedly resulted in work being performed without pay);
 
 Basco,
 
 216 F.Supp.2d at 599-600 (finding that in breach of contract action, typicality prong was met where all members were subject to same pay pattern and practice by company, despite fact that damages and circumstances surrounding contract formation would be different for each plaintiff). We therefore conclude that the circuit court erred when it determined that Morgan failed to satisfy this prong.
 

 C. The Circuit Court Also Erred in Its Determination that Morgan Failed to Prove: (1) that Common Issues Predominated and (2) that Class Action Status Was the Superior Means of Adjudicating the Controversy.
 

 1. Predominancy
 

 Not only was Morgan required to meet the four-prong test for class certification set forth in rule 1.220(a), he also
 
 *66
 
 had to meet the requirements set forth in subsection (b)(3). The predominancy requirement set forth in rule 1.220(b)(3) is far more demanding than the commonality requirement. See
 
 Rollins, Inc. v. Butland,
 
 951 So.2d 860, 868 (Fla. 2d DCA 2006);
 
 Clausnitzer,
 
 248 F.R.D. at 657.
 

 To certify a class, rule 1.220(b)[3] requires not only that common questions exist, but that those common questions predominate over individual questions. Rule 1.220 also requires a class action to be manageable and superior to other proceedings. To determine if the requirements of rule 1.220 have been met, a trial court must envision how a class action trial would proceed.
 

 Under this analysis, the trial court must determine whether the purported class representatives can prove their own individual cases and, by so doing, necessarily prove the cases for each one of the thousands of other members of the class. If they cannot, a class should not be certified.
 

 Humana, Inc. v. Castillo,
 
 728 So.2d 261, 266 (Fla. 2d DCA 1999);
 
 see also Clausnitzer,
 
 248 F.R.D. at 657 (holding that to meet the predominancy requirement, a plaintiff must prove that common issues of law and fact “ ‘ha[ve] a direct impact on every class member’s effort to establish liability and on every class member’s entitlement to ... relief ” (alteration in original) (quoting
 
 Klay v. Humana, Inc.,
 
 382 F.3d 1241, 1255 (11th Cir.2004))). Common issues do not predominate over individual questions if the common issues break down into individual factual and legal issues.
 
 See Clausnitzer,
 
 248 F.R.D. at 657. “Certification is inappropriate in the event that ‘plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their claims.’ ”
 
 Id.
 
 (quoting
 
 Klay,
 
 382 F.3d at 1255).
 

 In this case, although there will be some factual variations among the claims of each class member, those variations go to the determination of each class member’s damages rather than to the elements of the claims. The actual claims are based on the same legal theories and are based on the same course of conduct by the sheriff. Thus, if Morgan is able to prove the elements of his claims, he would necessarily be able to prove the elements of the claims of each of the other class members. Consequently, Morgan adequately proved that common issues predominate over individual questions.
 

 2. Superiority
 

 We also believe that Morgan adequately proved that class action status was the superior means of adjudicating the controversy. There are three factors for courts to consider when determining whether class action status is the superior means of adjudicating the controversy; they are: (1) whether class action status would provide the plaintiffs with their only economically viable remedy; (2) whether there is a likelihood that the individual claims are sufficiently large to justify the expense of conducting separate litigation; and (3) whether the case is manageable as a class action.
 
 See Liggett Group v. Engle,
 
 853 So.2d 434, 445-46 (Fla. 3d DCA 2003),
 
 approved in part and quashed in part on other grounds,
 
 945 So.2d 1246 (Fla.2006).
 

 In this case, these factors weigh in favor of a finding of superiority. There are approximately 1000 prospective class members, and their claims — seeking payment for 2.5 hours of work each week — are not so large that the cost of conducting individual litigation would be justified. Rather, we believe that allowing the detention
 
 *67
 
 deputies to proceed with their claims in a class action suit would be the most economically viable remedy. We also believe that due to the large number of potential class members and the fact that their claims are based on the same course of conduct, the litigation would be more manageable if it was subject to class action status rather than individual suits. Accordingly, we hold that the trial court erred by finding that Morgan failed to meet the predominancy and superiority requirements for class action status.
 

 III. Conclusion
 

 For these reasons, we conclude that the trial court erred by denying Morgan’s motion for class certification. We hold that Morgan sufficiently met the commonality and typicality requirements set forth in rule 1.220(a), as well as the predominancy and superiority requirements set forth in rule 1.220(b). We therefore reverse and remand for proceedings in conformance with this opinion.
 

 Reversed and remanded for further proceedings.
 

 ALTENBERND and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Although Morgan testified that he was not sure whether he was paid for the roll-call period or for his thirty-minute meal break, a sheriffs office employee testified that in 1989, the office initiated a policy of paying the detention deputies for the roll-call period. And in Morgan's memorandum of law in support of his motion for class certification, he con
 
 *63
 
 ceded that the “[sheriff's] policy appears to be that deputies were compensated for the [roll-call period], but not compensated for the meal period."
 

 [2]
 

 . Because we agree with the circuit court that the numerosity and adequacy of representation components of the class certification test were met, we need not discuss Morgan’s allegations pertaining to these components.