WETHERELL, J.
Baptist Hospital, Inc. (BHI) appeals the order certifying two classes in this suit challenging the liens imposed by BHI under Escambia County’s hospital lien law[1] for services rendered at BHI’s satellite facilities in Santa Rosa County. BHI argues, and we agree, that the trial court abused its discretion in certifying Class II because the representative for that class, Appellee Marco Demello, lacks standing and because the trial court’s order is facially inconsistent as to whether Demello *1203 meets the typicality requirement for the class. Accordingly, we reverse the certification of Class II. We affirm the certification of Class I and the designation of Appellee Marc Baker as representative of that class without further comment.

BACKGROUND

In October 2010, Demello and William Kollar filed a class action complaint against BHI alleging unjust enrichment and violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and seeking damages, injunctive, and declaratory relief. The complaint alleged that Demello and Kollar were each treated in the emergency room of a hospital owned and operated by BHI in Santa Rosa County following automobile accidents; that BHI asserted liens under the Escambia County hospital lien law for the cost of the treatment; and that the liens were invalid because, unlike Escambia County, Santa. Rosa County had not adopted a hospital lien law. The complaint sought certification of two classes, with Kollar (whose lien had not been satisfied) as representative of Class I and Demello (who had paid his lien) as representative of Class II. The complaint was amended to substitute Baker as the putative representative for Class I after the trial court granted summary judgment against Kollar.[2] As reflected in the amended complaint and the amended motion for class certification, the proposed classes were as follows:

Class I

All persons who had a hospital lien asserted by Baptist Hospital, Inc., pursuant to Chapter 30733, Laws of Florida 1955, on or after October 21, 2006, for injuries for which they received medical care at Gulf Breeze Hospital, Baptist Medical Park-Navarre, Jay Hospital, The Andrews Institute and/or The Andrews Institute-Navarre.

Class II

All persons who paid, in whole or in part, from any source a hospital lien asserted by Baptist Hospital, Inc., pursuant to Chapter 30733, Laws of Florida 1955, on or after October 21, 2006, for injuries for which they received medical care at Gulf Breeze Hospital, Baptist Medical Park-Navarre, Jay Hospital, The Andrews Institute and/or The Andrews Institute-Navarre, and for whom Baptist Hospital, Inc., has billed health care and/or insurance entity(ies), including but not limited to Medicare, Medicaid, Med-Pay, Tricare, workers compensation, and no fault automobile insurance, for the medical care provided and received payment from such entity(ies).
On August 31, 2011, after an evidentiary hearing, the trial court entered an order granting the amended motion for class certification. The order included detailed findings on each of the prerequisites for class certification under Florida Rule of Civil Procedure 1.220(a) — numerosity, commonality, typicality, and adequacy — and found that certification of Class I was appropriate under rule 1.220(b)(1) and (b)(2), and that certification of Class II was appropriate under rule 1.220(b)(3). The trial court designated Baker and Demello as the representatives for Class I and Class II, respectively, and redefined the classes as follows:

Class I

All persons who had a hospital lien asserted by Baptist Hospital, Inc., pursuant to Chapter 30733, Laws of Florida *1204 1955, on or after October 21, 2006, for injuries for which they received medical care at Gulf Breeze Hospital, Baptist Medical Park-Navarre, Jay Hospital, the Andrews Institute and/or The Andrews Institute-Navarre and such lien has not been satisfied through a monetary payment from any source.

Class II

All persons who had a hospital lien asserted by Baptist Hospital, Inc., pursuant to Chapter 30733, Laws of Florida 1955, on or after October 21, 2006, for injuries for which they received medical care at Gulf Breeze Hospital, Baptist Medical Park-Navarre, Jay Hospital, the Andrews Institute and/or The Andrews Institute-Navarre and such lien has been satisfied through a monetary payment from any source.
Appellant timely appealed the class certification order to this court. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(vi).

ANALYSIS

We review the trial court’s decision on class certification for an abuse of discretion. See Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 102-03 (Fla.2011). We examine the factual findings on which the decision is based for competent substantial evidence and review de novo the legal conclusions underlying the decision. Id. at 105.
When ruling on a motion for class certification, a threshold issue the trial court must address is whether the putative class representative has standing to represent the members of the class. Id. at 116-17. We review de novo the determination that a party has standing. Id.
In order to meet the standing requirement, the putative class representative must establish that a case or controversy exists between himself and the defendant that will continue throughout the litigation. Id. at 117. A case or controversy exists if a party alleges an actual or legal injury that the relief sought will address. Id. The injury must be distinct and palpable, not abstract or hypothetical. Id.
Here, the trial court erred in designating Demello as the representative for Class II because he lacks standing to assert a claim for damages against BHI. Demello and the class he purports to represent seek damages under FDUTPA, which “is intended to ‘protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce’.... ” Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2d DCA 2006). In order to assert a claim for damages under FDUTPA, the 'plaintiff must establish: “(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.” Kia Motors Am. Corp. v. Butler, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008). Actual damages are “the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.” Rollins v. Heller, 454 So.2d 580, 585 (Fla. 3d DCA 1984) (quoting Raye v. Fred Oakley Motors, Inc., 646 S.W.2d 288, 290 (Tex.App.1983)).
The record establishes that Demello suffered no “actual damages” as a result of his payment of the allegedly illegal lien. Demello testified in his deposition that he had no issues with the services he was provided by the hospital or the amount he was billed for those services. He further testified that if he was successful in the suit against BHI, he did not anticipate a financial gain and he candidly aeknowl- *1205 edged that any money he received from the suit would be given right back to BHI.[3] Under these circumstances, it is clear that Demello did not suffer any actual damages as a result of the imposition or payment of the lien and, therefore, he lacks standing to represent the members of Class II in their claim for damages against BHI.
Not only does Demello lack standing, but he also failed to meet the typicality requirement for Class II. The test for typicality is not demanding and “[m]ere factual differences between the class representative’s claims and the claims of the class members will not defeat typicality.” Sosa, 73 So.3d at 114. Likewise, the fact that the class representative’s damages might vary in amount from those of the other class members does not necessarily defeat typicality. Id. Rather, the “key inquiry” on typicality is “whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members.” Id.
Here, the differences between Demello and the class members are more than just the amount of damages allegedly caused by the hospital liens. Indeed, the trial court found that Demello’s claims were typical of putative members of Class II in his situation — those without insurance who were satisfied with the services received and agreed that the bill was reasonable— but the court also specifically found that his claims were not typical of the class as a whole because the class included members who, unlike Demello, “may allege that the services were unreasonable or that the billing was incorrect or that BHI failed to bill insurance services.” These findings, which are supported by competent substantial evidence, establish that Demello does not have the same interest and did not suffer the same injury as did the other putative members of Class II.
The trial court attempted to cure this deficiency by redefining Class II as reflected above; however, the membership of Class II certified by the trial court is essentially the same as the class proposed in the amended motion for class certification. Accordingly, for the same reasons the trial court found that Demello’s claims were not typical of the members of the originally proposed Class II, he fails to meet the typicality requirement for the redefined class.[4]

CONCLUSION

In sum, for the reasons stated above, we conclude that the trial court abused its discretion in certifying Class II and we reverse that portion of the class certification order. We affirm the remainder of the order, including the certification of Class I and the designation of Baker as the representative for that class.
*1206 AFFIRMED, in part; REVERSED, in part.
PADOVANO and LEWIS, JJ., concur.

. Chapter 30733, Laws of Florida (1955).

. Kollar's appeal of the order granting summary judgment is pending in case number 1D11-3890.

. The following exchange occurred during Demello's deposition:
Q: If the judge were to order tomorrow that the money be returned to you because the lien was invalid, do you agree that at the moment that it’s returned to you, you would then owe Gulf Breeze the same amount of money because they did, in fact, render services to you which were reasonable?
[Demello:] Yes.
Q: Okay. So it’s going to be give it [sic] to you in your right hand, and you’re going to give it back with your left hand; is that how you understand it’s going to work? [Demello:] Yes.

. In light of this disposition we do not reach BHI's contentions that Demello also failed to meet the commonality and adequacy requirements for class certification and that individual issues for the members of Class II predominate over the common issues.