LAGOA, J.
The Florida Department of Agriculture and Consumer Services (“Department”) appeals a non-final order granting an amended.motion for class certification filed by the representatives of a putative class of Miami-Dade County homeowners (“homeowners”) affected by the Department’s Citrus Canker Eradication Program (“CCEP”).
I. FACTUAL AND PROCEDURAL HISTORY
The proceedings below were initiated on behalf of the homeowners to recover compensation for the destruction of healthy residential citrus trees by the Department pursuant to its CCEP. After this Court remanded the matter for a hearing on class certification, Fla. Dep’t of Agric. v. In re Citrus Canker Litig., 941 So.2d 461 (Fla. 3d DCA 2006), the trial court conducted a three-day evidentiary hearing on the issue of certification. The homeowners sought to certify the following class under Florida Rule of Civil Procedure 1.220:
All owners of citrus trees situated within Miami-Dade County, incorporated or otherwise, not used for commercial purposes, which were not determined by the Department to be infected with citrus canker and were destroyed under the CCEP on or after January 1, 2000 (the “Class”).
Following the hearing, the trial court entered a detailed, twenty-six page order granting the homeowners’ amended motion for class certification and certified the class. This appeal followed. Because we find no abuse of discretion we affirm the certification.[1]
II. ANALYSIS
On appeal, the Department raises four arguments. Specifically, the Department asserts that: (1) the loss of the trees is not compensable because the destroyed citrus trees constituted a public nuisance; (2) the homeowners have neither a private cause of action for additional compensation under section 581.1845, Florida Statutes, nor a claim for inverse condemnation under Patchen v. Florida Department of Agriculture & Consumer Services, 906 So.2d 1005 (Fla.2005); (3) the trial court applied an improper measure of damages for the destroyed trees; and, (4) the homeowners are not suitable class representatives because they are not committed or able to pay the costs of the litigation. We find no merit to any of the Department’s four *1141 arguments, and affirm the trial court’s order granting class certification. We do, however, address the Department’s second and third arguments.
A. Private Right of Action vs. Inverse Condemnation
With regard to its second argument, the Department asserts that section 581.1845, Florida Statutes (providing for “compensation to eligible homeowners whose citrus trees have been removed under a citrus canker eradication program”) does not create a private cause of action, and further, that the homeowners’ inverse condemnation claim is precluded by Patchen. The Department’s argument essentially challenges the homeowners’ standing to assert their statutory and inverse condemnation claims and is relevant to its argument in the certification context to the extent it implicates that threshold question of law. See Ferreiro v. Phila. Indem. Ins. Co., 928 So.2d 374, 376 (Fla. 3d DCA 2006).
The provision of the Florida Constitution providing that “[n]o private property shall be taken except for a public purpose and with full compensation,” Art. X, § 6(a), Fla. Const., is self-executing; therefore, “it is immaterial that there is no statute specifically authorizing recovery for loss.” Dep’t of Agric. & Consumer Servs. v. Mid-Florida Growers, Inc., 521 So.2d 101, 103 n. 2 (Fla.1988). “[T]he point is that the common law and statutory provisions for inverse condemnation do not displace the constitutional requirement for just compensation....” Dep’t of Agric. & Consumer Servs. v. Bogorff, 35 So.3d 84, 90 (Fla. 4th DCA 2010), review denied, 48 So.3d 835 (Fla.2010), cert. denied, — U.S. -, 131 S.Ct. 2874, 179 L.Ed.2d 1188 (2011).
The relevant compensation portion of Florida’s Citrus Canker Law, § 581.1845(4), Fla. Stat. (2006), provides:[2]
The specification of a per-tree amount paid for the residential citrus canker compensation program does not limit the amount of any other compensation that may be paid by another entity or pursuant to court order for the removal of citrus trees as part of a citrus canker eradication program.
As the Florida Supreme Court has stated:
[The] Citrus Canker Law sets a compensation floor that is consistent with the established principle that “the determination of what is just compensation ... is a judicial function that cannot be performed by the Legislature.”
Haire v. Fla. Dep’t of Agric. & Consumer Servs., 870 So.2d 774, 785 (Fla.2004) (quoting State Plant Bd. v. Smith, 110 So.2d 401, 407 (Fla.1959)); see also Patchen, 906 So.2d at 1008 (“[W]e conclude that the schedule established by the Legislature sets a floor but does not determine the amount of compensation. When the State destroys private property, the State is obligated to pay just and fair compensation as determined in a court of law.” (quoting Haire, 870 So.2d at 785)).
In sum, it is not only beyond legislative purview to displace the constitutional requirement of just compensation upon a taking, but section 581.1845 expressly contemplates the entry of a court order obligating the State to compensate a homeowner for the destruction of his or her residential citrus trees under the CCEP in excess of the statutory per-tree amount. The Florida Supreme Court, finding the statute remedial, gave section 581.1845 its *1142 plain meaning, “which is to provide compensation to homeowners who had trees destroyed on or after January 1, 1995.” Patchen, 906 So.2d at 1008. Although the concurring and dissenting opinions in Patchen suggest concern over whether the majority opinion impliedly eliminated the right to pursue an inverse condemnation claim for the destruction of residential citrus trees, the majority opinion limits the scope of its opinion to the certified question posed.[3] See Patchen, 906 So.2d at 1005-09. Accordingly, “[i]f the compensation required by the Constitution exceeds a statutory amount, the State will have to pay that amount.” Bogorff, 35 So.3d at 91.
B. Measure of Damages
With regard to the proper measure of damages, the Department argued below that the exclusive lawful measure of damages for the destroyed trees was the diminution in value of the homeowners’ real property. The homeowners, instead, sought only the “replacement cost” of their lost trees as full compensation. The trial court adopted the replacement cost of the destroyed citrus trees as the measure of damages. On appeal, the Department argues that the trial court abused its discretion when it failed to adopt the diminution in value of the homeowners’ real property as the proper measure of damages. For the following reasons, we cannot find that the trial court abused its discretion by using replacement cost as the measure of damages in determining whether to certify the class.
First, although the Department would limit damages to the diminution in value of the homeowners’ real property, it is widely accepted that an award measured by the cost of replacing the destroyed property is a proper measurement of damages. See, e.g., Atl. Coast Line R.R. Co. v. Saffold, 130 Fla. 598, 178 So. 288, 290 (1938) (“If property on the land is injured or destroyed, the measure of damages is the value of the property injured or destroyed.”); Fiske v. Moczik, 329 So.2d 35 (Fla. 2d DCA 1976) (proper measure of plaintiffs damages was the replacement cost of the trees removed from the plaintiffs property).
Indeed, this measure of damages has been approved by the Fourth District in a pair of decisions arising out of the same case. In Florida Department of Agriculture & Consumer Services, v. City of Pompano Beach, 829 So.2d 928, 931 (Fla. 4th DCA 2002), the Fourth District affirmed an order certifying a class of Broward County homeowners challenging the destruction of citrus trees under the CCEP, and held that the trial court did not abuse its discretion in adopting the replacement cost of the destroyed trees as the correct measure of damages. After that case proceeded to final judgment, in Bogorff, 35 So.3d at 91, the Fourth District again affirmed as to the measure of damages and found that replacement cost was proper.
Likewise, the nature of the damages awarded in an inverse condemnation case is “dictated by the particular facts of the case.” Pompano Beach, 829 So.2d at 931; see, e.g., Dep’t of Agric. & Consumer Servs. v. Polk, 568 So.2d 35, 43 (Fla.1990) (affirming an award of damages for the *1143 “prospective net revenue” the immature citrus trees would have produced if allowed to reach maturity); Dade Cnty. v. Gen. Waterworks Corp., 267 So.2d 633 (Fla.1972). Thus, the trial court did not abuse its discretion when it adopted the replacement cost as the measure of damages in determining whether to certify the class.
The Department next argues that even if the appropriate measure of damages is replacement cost, this methodology for compensating the homeowners lacks the commonality required for class treatment because the homeowners are seeking damages that are entirely subjective. We find the Department’s argument without merit as the homeowners have specifically limited their claim for damages in the amended motion for class certification to the replacement cost of the destroyed trees, and the homeowners are not seeking subjective damages such as loss of shade, ornamentation, fruit, or privacy. As the trial court found in its order granting the amended motion for class certification, although the amount of compensation for the replacement cost of the destroyed trees may differ among homeowners, “the methodology for establishing compensation will result in a uniform result, thus avoiding the necessity of holding individual damage hearings.” Therefore, the replacement cost measure of damages serves as an adequate methodology for determining any possible compensation to the homeowners. See Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 113 (Fla.2011) (stating that predominance requirement was met where any variance in damage recovery between the class members was calculable by using a systematic formula); Morgan v. Coats, 33 So.3d 59, 65 (Fla. 2d DCA 2010) (“[I]n-dividualized damages inquiries do not preclude class certification.”); Ouellette v. Wal-Mart Stores, Inc., 888 So.2d 90, 91 (Fla. 1st DCA 2004) (“[T]he individualized nature of their damages claims should not bar certification of the class.”); see also Broin v. Philip Morris Cos., 641 So.2d 888, 891 (Fla. 3d DCA 1994) (“Entitlement to different amounts of damages is not fatal to a class action.”). Compare Castin v. Fla. Dep’t of Agric. & Consumer Servs., 901 So.2d 1020, 1021 (Fla. 4th DCA 2005) (affirming denial of certification where damages sought included severance damages to real estate, the fruit provided by the trees, as well as the shade, aroma, blossoms, and “other values for which people treasure citrus in Florida” because it would require individual trials for each homeowner); Kia Motors Am. Corp. v. Butler, 985 So.2d 1133 (Fla. 3d DCA 2008) (reversing class certification where individual inquiry would be necessary to determine liability and damages in the case of each class member); Execu-Tech Bus. Sys., Inc. v. Appleton Papers, Inc., 743 So.2d 19, 22 (Fla. 4th DCA 1999) (affirming denial of class certification where record supported trial court’s determination that there was “no reasonable methodology for generalized proof of class-wide impact and damages”).
Because the trial court did not abuse its discretion, we affirm the order certifying the class.
Affirmed.
SUAREZ, J., concurs.

. A trial court’s order certifying a class and determining the adequacy of the putative class representatives is reviewed for abuse of discretion. Sosa v. Safeway Premium Fin. Co., 73 So.3d 91, 98 (Fla.2011); United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc., 921 So.2d 23, 25 (Fla. 3d DCA 2006); Neighborhood Health P'ship, Inc. v. Fischer, 913 So.2d 703, 706 (Fla. 3d DCA 2005). Absent an abuse of that discretion, the trial court's order must be affirmed.

. Section 581.1845, Florida Statutes (2006), was repealed in 2010. See Ch. 10-35, § 1, at 316, Laws of Fla.

. The certified question that the Supreme Court in Patchen answered in the negative was the following:
Does the Florida Supreme Court’s decision in Department of Agriculture & Consumer Services v. Polk, 568 So.2d 35 (Fla.1990), which held that the Department’s destruction of healthy commercial citrus nursery stock within 125 feet of trees infected with citrus canker did not compel state reimbursement, also apply to the Department’s destruction of uninfected, healthy noncommercial, residential citrus trees within 1900 feet of trees infected with citrus canker?